Barbara A. KOVACICH, Appellant,

v.

Gerald K. KOVACICH, Appellee.

No. 04–85–00157–CV.

Court of Appeals of Texas, San Antonio.

Jan. 22, 1986.
Rehearing Denied March 5, 1986.

Gary A. Beahm, San Antonio, for appellant.

Patricia Finch, Seguin, for appellee.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from an order sustaining a plea to the jurisdiction (special appearance pursuant to TEX.R.CIV.P. 120a) and dismissing plaintiff's partition suit.

Plaintiff, Barbara A. Kovacich, is the former wife of defendant, Gerald K. Kovacich, who is a retired member of the military service. Barbara and Gerald were divorced in Guadalupe County in 1976, Gerald being the petitioner by virtue of TEX. FAM.CODE ANN. art. 3.24 (Vernon 1975) (suit by nonresident spouse). The divorce judgment failed to make any disposition of Gerald's military retirement benefits. In October, 1983, Barbara filed this suit for partition of those benefits. Gerald was served with citation by publication.

When a decree fails to provide for the division of all the community property, the husband and wife become tenants in common or joint owners of the property that was not divided. *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex.1970). Texas law designates military benefits earned during marriage as property subject to division upon divorce. *Cearley v. Cearley*, 544 S.W.2d 661, 664 (Tex.1976). The formula for division is set out in *Cearley, supra*, at 664. This formula applies to division of future military retirement benefits. *Id.* at 663. Therefore, after a divorce, a partition suit in Texas, assuming the court obtained jurisdiction of the defendant, is the recognized vehicle to achieve division of military retirement benefits not already disposed of by court order.

In the present case Gerald entered his special appearance by a plea to the jurisdiction, relying wholly upon the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408 (1983) (FSPA). It provides, in pertinent part:

Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of jurisdiction of such court.

Again, it is plain that Texas courts may divide the military retirement benefits if there is proper personal jurisdiction of the "member." Gerald argued to the trial court and to the appellate court that section 1408(c)(4) precludes the trial court obtaining jurisdiction over him to partition the benefits. Before the trial court could issue a court order to partition the benefits, he maintains, it must first have personal jurisdiction. We agree. The limited jurisdiction provisions are:

A court may not treat the disposable retired or retainer pay of a member in the manner described ... unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.

The relevant findings of fact of the trial court are:

\* \* \* \* \* \*

III. The Defendant is a permanent resident of California and prior to that was a resident of Nevada.

IV. The Defendant was not, at the time of divorce or anytime since, domiciled in the State of Texas.

V. The Defendant has not consented to the jurisdiction of the Court with regards to the partition of military retirement benefits.

The evidence before the court is undisputed that jurisdiction of the trial court could not be obtained by means of (A) and (B), *supra*, of the FSPA. It is contended, however, that Gerald submitted himself to the jurisdiction of the court in Guadalupe County, when he became petitioner in a divorce suit in 1976, which acted at that time as his consent to the continuing jurisdiction of the court. A reading of the statute makes it plain that the court must have personal jurisdiction of the member at the time of the suit in order to "treat the disposable retired or retainer pay." In this instance, that time would be at the very time of the present independent suit for partition.

We find there was no consent to the jurisdiction of the court as to the partition suit by reason of the 1976 divorce suit. Moreover, there was no general appearance which would be tantamount to consent to jurisdiction; rather, there was a special plea to the jurisdiction. When Congress legislates on a subject which is within its constitutional control and over which it has jurisdiction, the state law must yield when there is a conflict with a valid federal law. *Free v. Bland*, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962); *Southern v. Glenn*, 677 S.W.2d 576, 582 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). Before a Texas court can dispose of military retirement pay in a partition suit, it must first determine it has personal jurisdiction over the military member. The court will determine jurisdiction (1) by finding the member's residence, other than because of military assignment, is within the state, or (2) by finding the member's domicile is within the state. There is only one exception: the member *consents* to the jurisdiction of the court. *Southern v. Glenn, supra*, at 583.[1]

In this case it is undisputed that the member's residence or domicile was never in Texas. We agree with the trial court that the member did not consent to the jurisdiction. The trial court properly sustained the plea to the jurisdiction and dismissed the partition suit filed in Texas. The point alleging error in the court's order is overruled. However, this ruling in no way affects Barbara's continuing status as a tenant in common or joint owner of the military retirement benefits.

The judgment is affirmed.

---

1. We stated in *Southern v. Glenn*, 677 S.W.2d 576, 582 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.) that the minimum contacts test does not apply. The jurisdictional test set out in the FSPA, § 1408(c)(4) is the required one.