**Patricia Lee BARRETT, Appellant,**

v.

**Ewing D. BARRETT, Jr., Appellee.**

**No. 9459.**

Court of Appeals of Texas,
Texarkana.

July 8, 1986.

Rehearing Denied Sept. 3, 1986.

Joe Villarreal, Jr., Villarreal & Barnett, San Antonio, for appellant.

John M. Economidy, San Antonio, for appellee.

CORNELIUS, Chief Justice.

Patricia Lee Barrett appeals from the dismissal of her suit for partition of her former spouse's military retirement benefits.

Patricia Barrett and Ewing Barrett, Jr. were married in Georgia on October 13, 1963. They resided in Mr. Barrett's home state of Tennessee until he enlisted in the Air Force in 1967. The Air Force later transferred him to Kelly Air Force Base in San Antonio. The Barretts were divorced in San Antonio on February 23, 1976. Shortly after the divorce, Mr. Barrett was transferred by the Air Force out of Texas, and he has not been in Texas since that time. In April of 1984, Mrs. Barrett filed suit in Texas to modify the divorce decree and to increase child support. Mr. Barrett appeared through counsel, and the parties agreed to an increase in child support. In January of 1985, Mrs. Barrett filed suit for partition of Mr. Barrett's military retirement benefits, contending that the benefits had not been disposed of in the divorce, and therefore she and her former husband owned them as cotenants. Mr. Barrett entered a Tex.R.Civ.P. 120a special appearance alleging that he lacked sufficient minimum contacts with the State for the Texas court to exercise in personam jurisdiction over him, and additionally that the court lacked jurisdiction because of the requirements of the Uniform Services Former Spouses Protection Act, 10 U.S.C.A. § 1408 (1983 & Supp.1986). A hearing was held, after which the court sustained the special appearance and dismissed the suit for lack of jurisdiction.

The Federal Uniform Services Former Spouses Protection Act, 10 U.S.C.A. § 1408, in general allows state law to govern the question of whether military and naval retirement or retainer pay is to be treated as separate or community property. Section (c)(4) of that Act provides:

A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.

Mrs. Barrett argues that the district court had personal jurisdiction of Mr. Barrett for various reasons, and that in any event, the Former Spouses Protection Act did not apply to her suit because it was a partition suit rather than a divorce suit, and the inception of the cotenancy in the retirement benefits antedated both the Act and the

*McCarty*[1] decision which led to the Act's adoption.

■ We agree with our sister courts that the Former Spouses Protection Act also applies to a suit to partition retirement benefits owned by former spouses as cotenants when the cotenancy arises because of the divorce decree's failure to divide those benefits. *Kovacich v. Kovacich,* 705 S.W.2d 281 (Tex.App.-San Antonio 1986, writ dism'd); *Trahan v. Trahan,* 682 S.W.2d 332 (Tex.App.-Austin 1984, writ ref'd n.r.e.); *Southern v. Glenn,* 677 S.W.2d 576 (Tex.App.-San Antonio 1984, writ ref'd n.r.e.). Although the Act does not expressly refer to partition suits, it does apply to orders modifying previous divorce decrees or court-ordered property settlements incident to divorce decrees, and it should apply in a case like this where there would be no cause of action for partition except for the divorce. *Trahan v. Trahan,* supra. Mrs. Barrett argues that *Southern v. Glenn* and cases following it are based on faulty reasoning since forum shopping, a significant policy consideration relied upon in *Southern,* is not a problem in partition cases but only in divorce cases. We find, however, that regardless of the forum shopping argument, sufficient logic and authority exists to apply the Former Spouses Protection Act to partition suits such as this one.

It is immaterial that the divorce decree here antedated the Act and the *McCarty* decision. The purpose of the Act was simply to nullify the holding of *McCarty* and leave state law in effect as though *McCarty* had never been decided. Its effect was to permit state law to operate on military retirement benefits *consistent with the Act's provisions.*

■ . The record here shows that Mr. Barrett did not reside in Texas, was not domiciled in Texas, and did not consent to the jurisdiction of the court, so the district court properly dismissed the suit for want of jurisdiction. *Kovacich v. Kovacich,* supra; *Trahan v. Trahan,* supra; *Southern*

*v. Glenn,* supra; 10 U.S.C.A. § 1408(c)(4) (1983).

■ Even if the Former Spouses Protection Act with its more restrictive jurisdictional requirements did not apply, the district court could not exercise jurisdiction over Mr. Barrett unless he had sufficient minimum contacts with the State of Texas to satisfy the requirements of due proces in the exercise of jurisdiction over a nonresident. To subject an out-of-state defendant to the jurisdiction of our courts, the nonresident defendant must have purposely done some act or consummated some transaction in Texas, the cause of action must have arisen out of that transaction, and the assumption of jurisdiction must not offend traditional notions of fair play and substantial justice under the due process clause of the fourteenth amendment. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Kulko v. California Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *U-Anchor Advertising, Inc. v. Burt,* 553 S.W.2d 760 (Tex. 1977).

The undisputed evidence revealed that the only contact Mr. Barrett has had with the State of Texas is that many years ago he temporarily resided in Texas while stationed at an Air Force base, and that he later agreed to a modification in Texas of the Texas divorce decree entered in 1984. The fact that he agreed to the modification of the child support order would not subject him to the jurisdiction of the Texas court for other purposes. *Soto-Ruphuy v. Yates,* 687 S.W.2d 19 (Tex.App.-San Antonio 1984, no writ). We think the record clearly shows that Mr. Barrett has not had sufficient contacts with this state to allow our courts to exercise in personam jurisdiction over him. *Kolko v. California Superior Court,* supra.

■ Mrs. Barrett argues, however, that even if jurisdiction did not otherwise exist,

---

**1.** *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).

Mr. Barrett raised issues other than jurisdiction at the hearing of his special appearance, thereby turning the special appearance into a general appearance and consenting to the jurisdiction.

Tex.R.Civ.P. 120a states:

1. Notwithstanding the provisions of Rules 121, 122 and 123, a special appearance may be made by any party either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State.... Every appearance, prior to judgment, not in compliance with this rule is a general appearance.

Rule 120a must be strictly followed, and if a defendant raises any other issue at the hearing, such as defective service, venue, defects in plaintiff's petition, or other such matters, before the court has ruled on the Rule 120a motion, the appearance will be rendered general and will constitute consent to jurisdiction. *Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199 (Tex.1985); *Seeley v. Seeley,* 690 S.W.2d 626 (Tex. App.-Austin 1985, no writ); *Steve Tyrell Productions, Inc. v. Ray,* 674 S.W.2d 430 (Tex.App.-Austin 1984, no writ); *Abramowitz v. Miller,* 649 S.W.2d 339 (Tex.App.-Tyler 1983, no writ).

The only issue raised in Mr. Barrett's pleadings was the issue of jurisdiction, and it was the only issue discussed or raised at the hearing. Thus, no waiver has been shown to strip Mr. Barrett of his protection under Rule 120a.

As a resolution of the foregoing issues is dispositive of this appeal, we do not address the remaining points of error. The judgment of the district court is affirmed.