239

Linus Hardin JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–85–750–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 13, 1986.

Walter Mahoney, Jr., Pasadena, for appellant.

John B. Holmes, Jr., William J. Delmore, III, Michael A. Roe, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appellant seeks reversal of his probation revocation. He had previously pled guilty to the offense of possession of a controlled substance and was sentenced by the court to eight years imprisonment probated. A few months later the State filed a motion to revoke alleging appellant had violated his probation by committing the offense of possession of marijuana. The trial court granted the State's motion, reformed the original judgment, and sentenced appellant to a prison term of four years. Appellant contends the court erred in revoking his probation because: (1) the marijuana forming the basis for the motion to revoke probation was inadmissible, and (2) the motion to revoke was fundamentally defective

because it failed to allege a violation of the conditions of probation. We affirm.

On August 3, 1985, Houston Police Officer Marlee Carson went to Herman Park to investigate a report of a "man in a black charger selling drugs from his car." She observed appellant's vehicle entering the park and noticed the license plates on the automobile were expired. She stopped appellant and informed him of the reason for the stop. As she was talking to appellant, she noticed a half-smoked, hand-rolled cigarette on the console between the seats of his automobile next to a pack of Salem cigarettes. She arrested appellant, took him to her patrol car, searched him, and placed him inside. She then returned to appellant's car and retrieved the half-smoked cigarette. Subsequently, Officer Carson gave the cigarette to the police laboratory, which, after testing, concluded it contained marijuana.

In his first point of error, appellant argues the arresting officer did not have probable cause to arrest him because she did not know whether the cigarette contained tobacco or marijuana.

The United States Supreme Court, reversing the Texas Court of Criminal Appeals, held that under the "plain-view" doctrine an officer is not required to know that certain items are contraband before seizing them. *Texas v. Brown,* 460 U.S. 730, 740–742, 103 S.Ct. 1535, 1542–1543, 75 L.Ed.2d 502 (1983). The seizure of property in plain view is presumptively reasonable as long as the officer has probable cause to connect the property with criminal activity. An officer has sufficient probable cause to seize the items if the circumstances surrounding the property are such to "warrant a man of reasonable caution in the belief" that certain items may be contraband, stolen property, or useful as evidence of a crime. *Id.* at 742, 103 S.Ct. at 1543. The officer may rely on his training and experience to draw inferences and make deductions that might well elude an untrained person. *Id.* at 746, 103 S.Ct. at 1545 (Justice Powell Concurring). The State is not required to establish that the officer's belief was correct or even more likely than not true. This analysis of the probable cause requirement was adopted by the Court of Criminal Appeals in its opinion on remand in *Brown v. State,* 657 S.W.2d 797, 799 (Tex.Crim.App.1983). *See also Miller v. State,* 667 S.W.2d 773 (Tex. Crim.App.1984). (probable cause does not require that officer be immediately aware that substance is contraband).

The circumstances in *Brown* are similar to those in the case at bar. In *Brown,* the officer stopped the defendant during a routine driver's license check. When the officer asked the defendant for his license, the officer shined his flashlight into the car and saw the defendant withdraw an opaque, green party balloon, knotted near the end from his pants pocket and drop it to the seat beside his leg. While the defendant was searching the glove compartment for a driver's license, the officer noticed therein several small plastic vials, some loose white powder, and a package of party balloons. The defendant was unable to locate his license and the officer ordered him to get out and stand at the rear of the car. Before the officer followed appellant to the rear of the car, he picked up the knotted balloon, which appeared to contain a powdery substance. The officer concluded that the balloon contained contraband, based on his prior knowledge that narcotics were frequently packaged in such balloons. The police chemist testified the substance in the balloon was in fact heroin.

Here, the arresting officer stopped the appellant because his license plates were expired. When she approached the appellant to inform him of the reason for stopping him, she looked into the car and saw a half-smoked, hand-rolled cigarette lying next to a package of Salem cigarettes. As in *Brown,* the officer concluded, based on prior experience, the cigarette was contraband and arrested appellant. She testified she had seen marijuana on previous occasions and specifically had seen it rolled up into a cigarette form. Additionally, the hand-rolled cigarette was located next to the package of Salem ciga-

rettes. This factor weighed against the possibility the hand-rolled cigarette contained simple tobacco. Probable cause is a conclusory inference drawn from an appraisal of the material facts and circumstances. *Cote v. State,* 682 S.W.2d 380, 382 (Tex.App.—Austin 1984, no pet.). As the Texas Court of Criminal Appeals noted in *Delgado v. State,* 718 S.W.2d 718 (Tex. Crim.App.1986): The standard for the legality of a warrantless arrest is not equal to the sufficiency of evidence for a conviction. The standard is "probable cause," not "proof beyond a reasonable doubt." We find the officer had sufficient probable cause to arrest the appellant and, therefore, overrule his first point of error.

In his second point of error, appellant alleges that the motion was fundamentally defective because it failed to properly allege a violation of the specific conditions of probation contained in his original probation order and, thus, failed to inform him of the charges filed against him. We disagree.

One condition of appellant's probation was "(a) Commit no offense against the laws of this or any other state or the United States." The motion to revoke appellant's probation specifically states:

> The State would further show that said appellant did then and there violate terms and conditions of his probation by: committing an offense against the State of Texas, to-wit; on or about August 3, 1985, in Harris County, the appellant did then and there unlawfully intentionally and knowingly possess marijuana in a useable quantity of under two ounces.

The Court of Criminal Appeals addressed a similar point of error in *Gordon v. State,* 575 S.W.2d 529, 531 (Tex.Crim.App.1978), and held that language such as the language employed here provided appellant with fair notice that the State was going to attempt to prove appellant, by possessing under two ounces of marijuana, violated condition (a) of his probation. A motion to revoke probation does not require the same particularity as an indictment; however, the motion should set forth the allegations in support of revocation fully and clearly enough so as to inform the defendant of the allegations against which he must defend. We find appellant had fair notice of the charges against him. *See Labelle v. State,* 692 S.W.2d 102, 105 n. 2, (Tex.Crim. App.1985).

The judgment is affirmed.