**Ex parte Leo Milton MARONEY.**

**No. 9597.**

Court of Appeals of Texas, Texarkana.

Nov. 17, 1987.

Thomas Newman, Texarkana, for appellant.

Clayton L. Hall, Clarksville, for appellee.

CORNELIUS, Chief Justice.

This is a habeas corpus proceeding. Leo Maroney was adjudged guilty of contempt for violating a district court order issued in a partition suit for the division of Maroney's military retirement benefits. We conditionally granted Maroney's petition for writ of habeas corpus, and released him on bond pending a determination of this matter on the merits. Because we now find that we do not have jurisdiction of this matter, we deny the requested relief and remand Maroney to the custody of the Red River County sheriff.

A partition suit is the recognized vehicle in Texas to achieve division of military retirement benefits not previously disposed of by court order. *Kovacich v. Kovacich*, 705 S.W.2d 281 (Tex.App.—San Antonio 1986, writ dism'd). Such a suit, however, is a new, independent and different

cause of action from the divorce action. *Dunn v. Dunn*, 708 S.W.2d 20 (Tex.App.—Dallas 1986, no writ); *see also, Southern v. Glenn*, 677 S.W.2d 576 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.).

Maroney contends that we have jurisdiction of this proceeding pursuant to Tex. Const. art. 5, § 3; Tex.Rev.Civ.Stat. Ann. art. 1824a, *repealed by* Acts 1985, 69th Leg., ch. 480, § 26(1), 1985 Tex.Gen. Laws 2048; and Tex.R.App.P. 120. We disagree. Tex.Const. art. 5, § 3 pertains to jurisdiction of the Texas Supreme Court. Rule 120 does not confer jurisdiction, but merely sets forth procedural steps to be followed in those habeas corpus cases within our jurisdiction. Article 1824a has been repealed, and is now codified in Tex.Gov't Code Ann. § 22.221(d) (Vernon 1987).

Tex.Const. art. 5, § 6 provides that courts of appeals shall have such other jurisdiction, original and appellate, as may be prescribed by law. With regard to habeas corpus matters, that law is now Tex. Gov't Code Ann. § 22.221(d), which provides in relevant part that a court of appeals:

> [M]ay issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a *divorce case, wife or child support case, or child custody case.* (Emphasis added.)

If the restraint of liberty resulted from a violation of an order issued in other than these types of cases, only the Texas Supreme Court has original jurisdiction. *See* Tex.Gov't Code Ann. § 22.002(e) (Vernon 1987).

Although the order allegedly violated here was issued in the partition suit, Maroney argues that we have jurisdiction because the partition resulted from the prior divorce action. We cannot agree. The authorities make it clear that the partition suit was a new, independent and different cause of action from the divorce, and the

plain language of the Government Code restricts our jurisdiction in habeas corpus matters to restraints due to alleged violations of orders entered in a divorce, custody or support case. The extremely limited jurisdiction granted by the statute cannot be construed to encompass matters not specifically covered. *Ex parte Lewis*, 663 S.W.2d 153 (Tex.App.—Amarillo 1983, no writ); *Ex parte Sarao*, 583 S.W.2d 438 (Tex.Div.App.—Houston [1st Dist.] 1979, no writ).

As exclusive jurisdiction of this matter rests with the Supreme Court, we deny the relief requested and remand Leo Milton Maroney to the custody of the sheriff of Red River County.