Affirmed and Opinion filed _____________, 2002
















Affirmed and Opinion
filed October 24, 2002.                                                 

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00070-CR  

____________

 

MARK WAYNE
HENDRICKSON, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the
County Criminal
 Court at Law No. 1

Harris
 County, Texas

Trial Court Cause
No. 1064591




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



O P I N I
O N

            Appellant pleaded guilty to
possession of less than two ounces of marijuana after the trial court denied
his motion to suppress.  He was sentenced
to fifty days’ confinement.  In his sole
point of error, he contends the trial court erred in denying his motion to
suppress a hand-rolled marijuana cigarette. 
We affirm.

 

 

Statement of Facts

            While
patrolling a Wal-Mart parking lot, Officer Mark Lentini noticed two cars parked
side-by-side well away from the store. 
It appeared to him some sort of child-custody exchange was taking place
between a man and a woman.  Concerned
over a possible domestic violence situation, and suspicious of the cars’
location at a spot remote from any stores, he made his way toward them.  

As Lentini approached, he saw appellant
cover his ear with his hand and toss a hand-rolled cigarette into the front
seat of one car.  Lentini detained
appellant, frisked him for weapons, and put him in the back seat of his patrol
car.  Lentini then saw the woman leaning
into the car where appellant had tossed the cigarette, and he told her to get
out.  She did, holding a plastic bag
filled with trash.  Lentini looked in the
bag and saw the cigarette in a zip-lock bag. 
The cigarette smelled like marijuana, and proved to be so in later
tests.  When asked about the cigarette,
appellant said “It was a pen behind my ear.” 


Standard of Review

            Motions to suppress are subject to a
bifurcated standard of review.  Carmouche v. State, 10 S.W.3d 323, 327 (Tex.
Crim. App. 2000).  We give “almost total
deference to the lower court’s determination of historical facts supported by
the record.”  Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  If the trial court does not make findings of
fact, we view the evidence in the light most favorable to the trial court’s
ruling.  See Carmouche, 10 S.W.3d at 328. 
We then review de novo the
trial court’s application of the law.  See id. at 327.

Analysis

            In his sole point of error,
appellant argues Officer Lentini had no reasonable
suspicion to detain him, and thus the trial court should have suppressed the cigarette
as the fruit of an unlawful detention.  Reasonable
suspicion is an objective standard, determined under the totality of the
circumstances.  Woods v. State, 956 S.W.2d 33, 38 (Tex.
Crim. App. 1997); Garcia v. State,
827 S.W.2d 937, 943-944 (Tex. Crim. App. 1992).  

            Appellant argues that Lentini could not see what was in the hand-rolled
cigarette, and thus had no basis for suspicion. 
First, this ignores appellant’s furtive behavior when the officer
approached.  Second, Lentini
testified that the cigarette was completely white without any markings, was
tapered at the ends, and had a rough finish, and that based on his experience,
he suspected it was a marijuana cigarette. 


            An officer is not required to know
that certain items are contraband before seizing them.  Texas v. Brown, 460 U.S.
730, 740-42, 103 S.Ct. 1535, 1542-43; Johnson
v. State, 720 S.W.2d 239, 240 (Tex. App.—Houston [14th Dist.] 1986, no pet.)
(finding probable cause when officer saw half-smoked,
hand-rolled cigarette in plain view).  An
officer may rely on training and experience to draw inferences and make
deductions.  Id.  Under the totality of the circumstances,
Lentini had reasonable suspicion to believe the cigarette was marijuana.  Appellant’s point of error is overruled.

            The judgment is affirmed.

 

 

                                                                        

                                                            /s/        Scott Brister

                                                                        Chief
Justice

 

Judgment
rendered and Opinion filed October
 24, 2002.

Panel
consists of Chief Justice Brister and Justices Hudson and Fowler.

Do
Not Publish — Tex. R. App. P. 47.3(b).