[No. 8251-5-I. Division One. May 26, 1981.]

KUHLMAN EQUIPMENT COMPANY, *Appellant,* v. TAMMER-MATIC, INC., ET AL, *Respondents.*

*Merges, Youngberg, Goucher, Allen & Larson* and *William Goucher*, for appellant.

*Benson, Chadwick, Stege & Wines, Kirk R. Wines, Perkins, Coie, Stone, Olsen & Williams,* and *Barry Kaplan,* for respondents.

SWANSON, J.—The dispositive question presented by this appeal is whether the defense of lack of personal jurisdiction is waived by a defendant who seeks affirmative relief in the form of a cross claim against third party defendants. The issue arises in the context of a foreign corporation's contention that it is not subject to suit in Washington because the claim for relief arises out of the conduct of, and service was made upon, a subsidiary corporation which merged with the parent foreign corporation prior to the lawsuit's filing.

The relevant facts are as follows: Appellant Kuhlman Equipment Co., a Washington corporation, entered into a contract with Tammermatic, Inc., a Michigan corporation, to be the agent of Tammermatic for the sale of vehicle washing machines in several western states, including Washington. Kuhlman sold several vehicle washing machines to local companies and thereby earned commis-

sions totaling $17,500. Tammermatic allegedly failed to pay the commissions, and Kuhlman filed a complaint for money due on June 30, 1977. An answer was filed on December 12, 1977, in which it was alleged as an affirmative defense that Tammermatic, Inc., had merged into its parent corporation, Dometic, Inc., a New York corporation, on May 17, 1977. Tammermatic thus argued that it was not subject to the jurisdiction of Washington courts and that service of process on Tammermatic's former president in Michigan was insufficient. Kuhlman subsequently filed an amended complaint against Tammermatic and its parent corporation, Dometic, Inc. Dometic answered and alleged that it had not been properly served, that it was not doing business in Washington and was not subject to the jurisdiction of Washington courts, and that it had no connection with any of the transactions out of which the complaint arose. Dometic's answer also contained a counterclaim against Kuhlman as well as a cross claim against third party defendants Tammermatic Corporation and Kalle Lamminen and his wife. The basis of Dometic's cross claim was that Tammermatic Corporation, formerly known as Lako Enterprises, Inc., had entered into an agreement with Tammermatic, Inc., whereby Tammermatic, Inc., sold to Tammermatic Corporation the right to sell and distribute certain car washing machinery manufactured in Finland, and as part of that agreement, Tammermatic Corporation had agreed to indemnify and hold harmless Tammermatic, Inc. Tammermatic, Inc., alleged that Tammermatic Corporation had refused to indemnify Tammermatic, Inc.

Subsequently, Tammermatic, Inc., and Dometic, Inc., both moved for dismissal. The trial court made the following findings: That defendant Tammermatic, Inc., had merged into its parent corporation, Dometic, Inc., on May 17, 1977, and no longer existed when the lawsuit was filed; that Tammermatic, Inc., was not subject to suit in Washington following the merger; and that Dometic, Inc., did not conduct business in the state of Washington and did not have sufficient contacts with Washington to subject it to

the jurisdiction of Washington courts. The trial court therefore dismissed Kuhlman's cause of action against Tammermatic, Inc., and Dometic, Inc., without prejudice. The trial court further found that Dometic's claims against third party defendants Tammermatic Corporation and the Lamminens arose out of Kuhlman's claims against Dometic and should therefore be dismissed along with Kuhlman's claims. It is from the order of dismissal that Kuhlman appeals.

The question of waiver may be more precisely phrased this way: Can the jurisdictional defense of lack of personal jurisdiction, as set forth in CR 12(b),[1] be waived in some way other than by failure to timely assert the defense, specifically, by joining it with a noncompulsory claim for affirmative relief?[2] We hold that it can be waived and, indeed, was so waived in this case. We therefore reverse the trial court.

Initially, we recognize that the Superior Court Civil Rules, like their federal counterpart, have abolished the distinction between special and general appearances.

---

[1] "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross–claim, or third–party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense number (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." CR 12(b).

[2] The impleader of third party defendants under CR 14, as Dometic undertook to do in this case, is permissive and not compulsory. 3 J. Moore, *Federal Practice* § 14.06 (2d ed. 1980).

*Matthies v. Knodel,* 19 Wn. App. 1, 573 P.2d 1332 (1977). A defendant "is no longer required at the door of the . . . courthouse to intone that ancient abracadabra of the law, de bene esse, in order by its magic power to enable himself to remain outside even while he steps within." *Orange Theatre Corp. v. Rayherstz Amusement Corp.,* 139 F.2d 871, 874 (3d Cir. 1944). However, although CR 12(b) accomplishes this end by specifically providing that "[n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion", there is nothing in the language of the rule which specifically addresses the issue here inasmuch as a third party cross claim, like a counterclaim, is not a defense or objection within the meaning of the rule. *See* 5 C. Wright & A. Miller, *Federal Practice* § 1397 (1969). Moreover, subsections (g) and (h)[3] of CR 12, dealing with waiver, do not specifically provide that the defense of personal jurisdiction may be waived only in a manner therein stated.

Although the federal courts are split on the question, a majority apparently has adopted the approach Kuhlman urges upon us here. *See Neifeld v. Steinberg,* 438 F.2d 423, 429 n.13 (3d Cir. 1971).[4] We are persuaded by the reason-

---

[3] "(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

"(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

"(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." CR 12(h)(1), (2) and (3).

[4] Some courts have gone so far as to hold that the assertion of a compulsory counterclaim waives lack of personal jurisdiction. *See* Annot., *Counterclaim as Waiver of Defense,* 17 A.L.R. Fed. 388, § 4(a) (1973). But the preferred rule is,

ing of the decisions representing the majority view. As the court stated in *Globig v. Greene & Gust Co.,* 193 F. Supp. 544, 549 (E.D. Wis. 1961):

> A literal interpretation of Rule 12(b) tends toward a finding that a counterclaim, cross–claim, or third–party claim waives jurisdictional defenses, since those claims are not "defenses or objections" and, therefore, not within the scope of that part of Rule 12(b) previously quoted.
>
> Furthermore, a party, when he counterclaims, cross–claims, or impleads a third party, is seeking affirmative relief and is thereby invoking the jurisdiction of the court. He cannot at the same time deny that jurisdiction.

(Footnote omitted.) *See also Williams v. Arcoa Int'l, Inc.,* 86 N.M. 288, 523 P.2d 23 (1974).

The suggestion is made by respondents, with some support in the cases, that the assertion of a noncompulsory counterclaim or a third party cross claim in the same pleading which raises the jurisdictional defense cannot be deemed a waiver of that defense because such a reading of CR 12(b) would have the effect of requiring a defendant to raise the jurisdictional defense by motion. Such a requirement, it is argued, would be contrary to the option which CR 12(b) provides. *See Neifeld v. Steinberg, supra* at 428.

 That analysis, however, ignores the fact that affirmative relief in the form of a cross claim is not a defense or objection as contemplated by CR 12. Moreover, although rule 12 is designed to give the pleader an option as to how he raises certain defenses, the rule is also intended to eliminate unnecessary delay in the conduct of a lawsuit. *Globig v. Greene & Gust Co., supra; see also Sanders v. Sanders,* 63 Wn.2d 709, 388 P.2d 942 (1964).

 Judicial economy is not served by permitting a defendant to pursue permissive claims against third parties while the jurisdictional issue remains unresolved. If a third party plaintiff does not legally belong in the lawsuit, time

---

and Kuhlman so concedes, that a compulsory counterclaim does not waive jurisdictional defenses. *See* 5 C. Wright & A. Miller, *Federal Practice* § 1397 (1969).

and effort are unnecessarily expended by third party defendants. *Globig v. Greene & Gust Co., supra.* This case illustrates the point. The original complaint was filed June 30, 1977. Dometic impleaded Tammermatic Corporation and the Lamminens on July 25, 1979. Trial was set for November 20, 1979. Tammermatic Corporation's first response was to file an answer on October 26, 1979, and on the same date to move for a continuance because it needed additional time to prepare. A hearing on the motion for continuance was held on November 2, 1979, and the motion was denied. Tammermatic Corporation then filed a motion for a separate trial on November 6, 1979. Its motion revealed that it had noted plaintiff Kuhlman's deposition for November 14, 1979, but anticipated the need to depose persons who had allegedly purchased Tammermatic vehicle washing equipment. Three days later, Dometic moved to dismiss for lack of personal jurisdiction, and the motion was granted. Tammermatic Corporation's scramble to mount a defense had proved to be unnecessary.

We conclude that by seeking permissive affirmative relief in the form of a third party cross claim, respondents invoked the jurisdiction of the court. They therefore waived the defense of lack of personal jurisdiction. Given our disposition, we need not reach the issue presented by Tammermatic, Inc.'s merger with Dometic.[5]

The judgment of the Superior Court is reversed, and the cause remanded for trial.

WILLIAMS and CORBETT, JJ., concur.

---

[5] Our disposition also makes unnecessary a discussion of respondents' cross appeal from the denial of attorney fees.