[No. 7516-4-II.  Division Two.  May 14, 1986.]

DANIEL L. LIVINGSTON, *Appellant,* v. CHAE S. LIVINGSTON, *Respondent.*

*Robert B. Taub,* for appellant.

*M. Gerald Herman,* for respondent.

PETRICH, J.—Daniel Livingston appeals a superior court order quashing service of summons and dismissing his petition to require Chae Livingston to pay child support. Chae Livingston cross–appeals the denial of attorney's fees by the superior court judge. At issue is whether a nonresident spouse served outside this state with a summons from a Washington court waives her objection to the court's assumption of personal jurisdiction by seeking and successfully invoking the court's jurisdiction to enforce previously adjudicated visitation rights imposed by a court of a foreign state. We conclude that the nonresident spouse by her actions waived her objection to the court's personal jurisdiction over her. Accordingly, we reverse the order of the Superior Court quashing the service of summons and dismissing the petition. We affirm the order denying attorney's fees to Chae.

Daniel and Chae were married in Seoul, Korea, in 1975. Daniel was a member of the armed forces throughout the marriage. A son, Joshua, was born May 29, 1976, in Korea and another son, Joseph, was born on December 8, 1979, in New York state. Daniel alleges that the parties lived in Washington from May of 1978 until April of 1979, during which time Joseph was conceived.

The parties were divorced in New York on March 14, 1983. The decree awarded custody of the children to Daniel and provided for visitation for Chae. The decree, consistent with the parties' earlier separation agreement, did not require Chae to pay or contribute to the children's support. Chae now lives in Minnesota while Daniel and the children are residents of Washington.

On October 19, 1983, Daniel filed a summons and petition in superior court requesting the Washington court to

require Chae to pay child support. Chae appeared to contest the court's jurisdiction. She requested attorney's fees and at the same time, moved to enforce visitation as provided by the terms of the New York decree. The court ordered Daniel to comply with visitation as specified in the decree, quashed the summons, and dismissed his petition for modification on the basis of lack of jurisdiction over Chae. Chae's request for attorney's fees was denied.

The distinction between special and general appearances has been abolished in Washington. *Matthies v. Knodel*, 19 Wn. App. 1, 573 P.2d 1332 (1977). A defendant may now object to personal jurisdiction under CR 12(b). The objection to jurisdiction may be waived under the provisions of CR 12(g) and (h). However, CR 12(g) and (h) do not provide the exclusive methods by which a defendant may waive the right to object to jurisdiction. Even where the defendant has properly contested jurisdiction and preserved the objection under CR 12, the defendant may waive the defense of lack of personal jurisdiction by seeking affirmative relief and thereby invoking the jurisdiction of the court. *Kuhlman Equip. Co. v. Tammermatic, Inc.*, 29 Wn. App. 419, 628 P.2d 851 (1981).

In *Kuhlman Equip. Co. v. Tammermatic, Inc., supra,* a foreign corporation filed a cross claim for indemnity when it was sued for breach of contract by a Washington corporation. The court concluded that the foreign defendant had invoked the jurisdiction of the Washington court by seeking affirmative relief and had thereby waived the defense of lack of jurisdiction. *Kuhlman Equip. Co. v. Tammermatic, Inc.*, 29 Wn. App. at 425.

Here, both Daniel's petition for child support and Chae's motion to enforce visitation arose out of the same foreign decree. Chae argues that the Washington court may not determine a support obligation because she is not subject to the jurisdiction of the Washington court. However, Chae sought affirmative relief from the Washington court to enforce her rights to visitation under the same New York decree which she alleges the Washington court has no

power to modify. By seeking affirmative relief from the Washington court regarding the terms of the New York decree, she has waived her objection to jurisdiction.

Chae attempts to distinguish *Kuhlman Equip. Co. v. Tammermatic, Inc., supra,* from her case. She contends that she is merely seeking to enforce a valid decree and is not asking Washington courts to adjudicate the case on the merits, as had the defendant in *Kuhlman.* Here, however, the judge considered an affidavit of a mental health professional as well as affidavits from the parties. The judge insisted that at no time should Chae leave the children unsupervised. Rather than merely enforcing the visitation provisions of the New York decree, the judge determined the conditions under which visitation was appropriate in the present circumstances. There was no objection by Mrs. Livingston, either below or on appeal. By requesting the Washington court to enforce visitation and failing to object to these proceedings, Chae sought affirmative relief from the Washington court and waived her objection to jurisdiction on the support issue.

■ Chae has cross-appealed the denial of attorney's fees under RCW 4.28.185 and RCW 26.27.150. Because of our disposition of the case, it is unnecessary to discuss the claim under RCW 4.28.185, the long-arm statute. Under RCW 26.27.150,

> A person violating a custody decree of another state which makes it necessary to enforce the decree in this state may be required to pay necessary travel and other expenses, including attorneys' fees, incurred by the party entitled to the custody or his witnesses.

An award of attorney's fees under this section is discretionary. There was some evidence in the record to indicate that Daniel's failure to abide by the terms of the decree was based on questions he had regarding adequate supervision of the children by Chae in the past. The judge did not abuse his discretion in denying an award of attorney's fees.

Daniel's request for attorney's fees and costs on appeal under RCW 26.09.140 is denied.

Order quashing service of summons and dismissing petition for child support is reversed. Judgment denying attorney's fees to Chae is affirmed.

WORSWICK, C.J., and ALEXANDER, J., concur.

Reconsideration denied July 8, 1986.

Review denied by Supreme Court October 7, 1986.