[No. 7922–4–II.   Division Two.   June 9, 1987.]

*In the Matter of the Marriage of* JILLIAN LOUISE PARKS, *Respondent, and* EDWARD SUMMER PARKS, JR., *Appellant.*

*Avelin P. Tacon III* and *Connolly, Holm, Tacon & Meserve,* for appellant.

*Jack W. Hanemann, Jr.,* for respondent.

PETRICH, J.—Edward Parks appeals a court order reopening a dissolution decree and entering judgment awarding his former spouse a share of his military pension.

The issues on appeal are: (1) whether res judicata prevents reopening the final decree of dissolution on the basis of the later enacted Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408; (2) whether military retirement pay is property subject to division; and (3) whether the military spouse who appears in the original dissolution proceeding without objection to the court's jurisdiction, and seeks affirmative relief dividing property, fixing maintenance, and settling child custody issues, consents to the court's continuing jurisdiction to distribute his retirement pay as permitted by 10 U.S.C. § 1408(c)(4).

We conclude that reopening of the final decree is not barred by res judicata; that military retirement pay is property subject to division; and that when the military spouse appears in the original dissolution proceeding without objecting to the court's jurisdiction over him, seeks affirmative relief in dividing property, fixing maintenance, and settling child custody issues, he consents to that court's jurisdiction for all matters relating to the dissolution of the marriage, including the distribution of his retirement pay. Accordingly we affirm.

Edward and Jillian Parks were married in Virginia in 1963, 2 years after he had entered the United States Army. The couple bought a home in Olympia in 1976. Mrs. Parks and the children moved from Alaska to Olympia and stayed there while Parks, then a major, was on a tour of duty in Korea. When he returned, the family continued to live in the house while Major Parks was stationed at Fort Lewis. In 1979, after 16 years of marriage, the Parks separated.

A Washington court entered a decree of dissolution of marriage on December 31, 1980. The decree awarded Mrs. Parks a share of her husband's military pension, and found that the parties' domicile was Alaska. The decree was appealed to this court and eventually remanded to the trial court in light of *McCarty v. McCarty*, 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728 (1981), which held that state courts lacked authority to allocate the military spouse's military retirement pay to the other spouse. The trial court then removed from Mrs. Parks' share that portion of the previously awarded pension and redistributed the couple's assets. Both sides appealed the court's modification, but the appeals were dismissed as untimely filed.

On February 1, 1983, the Uniformed Services Former Spouses' Protection Act (USFSPA) became effective. The act removes the bar of *McCarty* and permits a state court to divide military nondisability retirement pay in accordance with state law.

On January 20, 1983, Mrs. Parks filed a petition seeking relief under CR 60(b) to modify the original dissolution

decree based on the new act. That petition was granted and, on June 22, 1984, the court once again redistributed the community assets, including the military pension.

■ This court in *In re Marriage of Flannagan*, 42 Wn. App. 214, 709 P.2d 1247 (1985) specifically rejected the argument that res judicata (the doctrine of finality) precludes reopening of the decree and dividing the military retirement benefits. We held that extraordinary circumstances preclude application of the doctrine of finality to property divisions that have been subject to the *McCarty* prohibition and the subsequent and contrary USFSPA. *Flannagan*, 42 Wn. App. at 222. In order for res judicata to apply, the issue must have been capable of resolution in the prior action. *Flannagan*, 42 Wn. App. at 223. In these situations, the issue could not have been resolved because of the 20–month effect of *McCarty*. *Flannagan*, 42 Wn. App. at 223–24. In these limited circumstances, res judicata does not bar the reopening of the decree for the purpose of dividing the military retirement benefits.

■ Major Parks' argument that military retirement benefits are not subject to division must also be rejected. This state has consistently held that a military pension is deferred employee compensation subject to distribution as property. *Wilder v. Wilder*, 85 Wn.2d 364, 534 P.2d 1355 (1975); *In re Marriage of Pea*, 17 Wn. App. 728, 566 P.2d 212 (1977).

Finally, Major Parks argues that the court lacks jurisdiction over his military retirements benefits.

Jurisdiction to divide military benefits is limited by the Uniformed Services Former Spouses' Protection Act. Jurisdiction can only be acquired by the military spouse's residence (other than by reason of military assignment) in the territorial jurisdiction of the court, domicile in the territorial jurisdiction of the court, or his consent. 10 U.S.C. § 1408(c)(4). From the record it is clear that during the original dissolution and modification proceedings Major Parks was neither a domiciliary nor a resident of this state other than by reason of his military assignment. His consent to

the court's jurisdiction, then, is the only remaining alternative basis for the court's jurisdiction.

Major Parks strenuously argues that he did not consent to the court's jurisdiction. On the contrary, he insists that he has always maintained that the court lacked jurisdiction over his military retirement pay. Major Parks mistakes the nature of the jurisdictional requirement.

The essence of the court's authority to divide the military retirement benefits in 10 U.S.C. § 1408(c)(4) depends upon whether the court has jurisdiction of the *military member* by reason of the member's residence or domicile in the state or by virtue of the member's consent to the court's jurisdiction.[1]

With respect to the member's consent, the act does not require express consent. Consent may be implied by the member's general appearance in court, waiving all jurisdictional requirements. *Allen v. Allen,* 484 So. 2d 269 (La. Ct. App. 1986).

██ In Washington the distinction between special and general appearances has been abolished. *Matthies v. Knodel,* 19 Wn. App. 1, 573 P.2d 1332 (1977). Now a defendant may object to personal jurisdiction under CR 12(b). However, even where the defendant has objected to personal jurisdiction under CR 12(b), he may waive the defense of lack of jurisdiction by seeking affirmative relief, thereby invoking the jurisdiction of the court. *Livingston v. Livingston,* 43 Wn. App. 669, 719 P.2d 166 (1986); *Kuhlman Equip. Co. v. Tammermatic, Inc.,* 29 Wn. App. 419, 628

---

[1] 10 U.S.C. 1408(c)(4) provides:

A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.

This provision was apparently included in response to concerns about "forum shopping" spouses who might seek to divide military pensions in a state lacking substantial contacts with the military member. *See generally* 1982 U.S. Code Cong. & Ad. News 1571, 1603–04, 1635, 1639–49.

P.2d 851 (1981).

Major Parks appeared in the original dissolution proceeding and answered the complaint. He did not object to the court's jurisdiction. Not only did he fail to object to the court's jurisdiction, he admitted that the marriage was irretrievably broken and prayed for relief consistent with the admissions in his answer. The relief included division of property other than the military retirement benefits and settlement of child custody and maintenance issues. The court in the original dissolution proceeding concluded, as then required by *McCarty,* that it had no jurisdiction to make an award of the military retirement benefits to Mrs. Parks and that those benefits were not subject to any lien or offset. By not objecting to the court's jurisdiction and by seeking the relief he did, Major Parks consented to the court's jurisdiction over him in the original dissolution proceeding.

The Legislature, addressing the extent of the court's jurisdiction, provided in RCW 4.28.020 as follows:

> Jurisdiction acquired, when. From the time of the commencement of the action by service of summons, or by the filing of a complaint, *or as otherwise provided,* the court is deemed to have acquired jurisdiction and to have control of *all subsequent proceedings.*

(Italics ours.) The only remaining question is whether the jurisdiction carried over into the modification proceedings by CR 60(b) as a subsequent proceeding to the original action.

■■ For all practical purposes relative to the issue involved before us, CR 60(b) is the same as rule 60(b) of the Federal Rules of Civil Procedure. We may look to decisions and analysis of the federal rule for guidance. *American Discount Corp. v. Saratoga West, Inc.,* 81 Wn.2d 34, 499 P.2d 869 (1972). In the federal scheme it is clear that a rule 60(b) motion is considered ancillary to or a continuation of the original suit and that the motion does not require an independent jurisdictional ground. *Smith v. Widman Trucking & Excavating, Inc.,* 627 F.2d 792 (7th

Cir. 1980); 7 J. Moore, *Federal Practice* ¶ 60.28(3), at 319 (1980). We conclude that a CR 60(b) motion is ancillary to or a continuation of the original suit and so long as the court had jurisdiction in the original suit, jurisdiction continues for the purposes of the CR 60(b) motion.[2]

Judgment affirmed.

ALEXANDER, A.C.J., and WORSWICK, J., concur.

Review denied by Supreme Court October 6, 1987.

---

[2]Our holding here is also consistent with those from other jurisdictions. *See In re Marriage of McDonough,* __ Cal. App. 3d __, 227 Cal. Rptr. 872 (1986), and *Allen v. Allen, supra.* Cases which might appear to be to the contrary are readily distinguishable and generally involve a partition action of the military retirement benefits not disposed of in the dissolution action. In these cases the partition action is considered as a separate and distinct action from the original dissolution proceeding. *See Wright v. Wright,* 710 S.W.2d 162 (Tex. Ct. App. 1986); *Dunn v. Dunn,* 708 S.W.2d 20 (Tex. Ct. App. 1986); *Olvera v. Olvera,* 705 S.W.2d 283 (Tex. Ct. App. 1986); *Tarvin v. Tarvin,* __ Cal. App. 3d __, 227 Cal. Rptr. 543 (1986); *Barrett v. Barrett,* 715 S.W.2d 110 (Tex. Ct. App. 1986).