[No. 54745-3-I.   Division One.   March 6, 2006.]

ELLENI NEGASH, *Appellant*, v. CHARLES SAWYER ET AL., *Respondents.*

*Charles Sawyer*, pro se.

*Scott R. Nelson* and *Gerald F. Robison*, for appellant.

*John R. Rongerude*, amicus curiae.

¶1 DWYER, J. — Landlord Elleni Negash served her tenant Charles Sawyer with an unlawful detainer summons and complaint pursuant to RCW 59.18.055, the alternative service provision of the Residential Landlord-Tenant Act of 1973, chapter 59.18 RCW. Sawyer responded with a letter requesting that legal information be sent to the address subject to eviction. Sawyer did not appear at the subsequent show cause hearing, and the court granted Negash's writ of restitution. However, because RCW 59-.18.055 limits the court's jurisdiction to restoring possession of the premises "until such time as jurisdiction over the defendant . . . is obtained," and Sawyer's response to service did not constitute a submission to the court's jurisdiction, the court correctly ruled that it did not have personal jurisdiction over Sawyer and, thus, properly reserved ruling on Negash's request for monetary damages. Negash appeals; we affirm.

## FACTS

¶2 Elleni Negash served a three-day notice to terminate tenancy upon Charles Sawyer and "Jane Doe" Sawyer (Sawyer). Sawyer did not comply with the statutory notice, and Negash prepared a summons and complaint for unlawful detainer. After several unsuccessful attempts at service, Negash requested, and the trial court entered, an order allowing service by alternative means pursuant to RCW 59.18.055.

¶3 Prior to the deadline on the summons, Sawyer delivered a written response to Negash's attorney stating that Negash would not accept Sawyer's rental payments, that she instructed him to move out of the apartment, that he intended to move out, and that further legal papers should be sent to the address that was the subject of the unlawful detainer action.[1]

¶4 The court subsequently granted Negash's motion for a show cause hearing pursuant to RCW 59.18.370, notice of which was served upon Sawyer by mail. Sawyer did not appear at the hearing. The court granted Negash's writ of restitution but "reserved" ruling on her claims for unpaid rent, attorney fees, and costs.

¶5 Negash appealed, asserting that the court erred in finding that it did not have jurisdiction over Sawyer for the purpose of awarding monetary damages.[2]

## ANALYSIS

¶6 This case raises an issue of first impression: where a tenant is served with an unlawful detainer summons and

---

[1] The record is unclear regarding the original recipient of Sawyer's response to service. At oral argument, Negash's attorney stated that it was delivered to him. He filed the letter with the court with a cover sheet entitled "Answer."

[2] Negash's attorney accurately anticipated that Sawyer would not respond to this appeal and brought a motion requesting that attorney John Rongerude be allowed to represent the interests of tenants in this matter. This court denied the motion to appoint Mr. Rongerude but granted him permission to appear as amicus curiae, which he did.

complaint under RCW 59.18.055, and the tenant's response requests only that related legal papers be sent to a specific address, is the response sufficient to confer on the court the authority to award monetary damages against the tenant in a subsequent writ of restitution proceeding.

¶7 Negash contends that the trial court erred by ruling that it did not have authority to enter a money judgment against Sawyer because of the method of service employed. That method is authorized by RCW 59.18.055, which provides, in pertinent part:

> When service on the defendant or defendants is accomplished by this alternative procedure, the court's jurisdiction is limited to restoring possession of the premises to the plaintiff and no money judgment may be entered against the defendant or defendants until such time as jurisdiction over the defendant or defendants is obtained.[3]

■■ ¶8 We agree with the trial court's application of this unique statutory provision. "The unlawful detainer statutes create a special, summary proceeding for the recovery of possession of real property." *Hous. Auth. v. Silva*, 94 Wn. App. 731, 734, 972 P.2d 952 (1999) (citing

---

[3] RCW 59.18.055, in its entirety, provides:

(1) When the plaintiff, after the exercise of due diligence, is unable to personally serve the summons on the defendant, the court may authorize the alternative means of service described herein. Upon filing of an affidavit from the person or persons attempting service describing those attempts, and the filing of an affidavit from the plaintiff, plaintiff's agent, or plaintiff's attorney stating the belief that the defendant cannot be found, the court may enter an order authorizing service of the summons as follows:

(a) The summons and complaint shall be posted in a conspicuous place on the premises unlawfully held, not less than nine days from the return date stated in the summons; and

(b) Copies of the summons and complaint shall be deposited in the mail, postage prepaid, by both regular mail and certified mail directed to the defendant's or defendants' last known address not less than nine days from the return date stated in the summons.

When service on the defendant or defendants is accomplished by this alternative procedure, the court's jurisdiction is limited to restoring possession of the premises to the plaintiff and no money judgment may be entered against the defendant or defendants until such time as jurisdiction over the defendant or defendants is obtained.

(2) This section shall apply to this chapter and chapter 59.20 RCW.

*Hous. Auth. v. Terry*, 114 Wn.2d 558, 563, 789 P.2d 745 (1990)); *MH2 Co. v. Sun M. Hwang*, 104 Wn. App. 680, 684, 16 P.3d 1272 (2001). Unlawful detainer statutes are in derogation of the common law and are strictly construed in favor of the tenant. *Canterwood Place L.P. v. Thande*, 106 Wn. App. 844, 848, 25 P.3d 495 (2001) (citing *Terry*, 114 Wn.2d at 563; *Silva*, 94 Wn. App. at 734; *Wilson v. Daniels*, 31 Wn.2d 633, 643-44, 198 P.2d 496 (1948)).

■ ■ ¶9 Negash concedes that a landlord's remedy is generally limited to restoration of the premises when this special service statute is utilized. However, she argues that the statutory limitation ceased to apply when Sawyer responded to the summons and complaint. First, Negash contends that Sawyer's response was an "appearance" because it operated to preclude a default judgment. Second, Negash argues that the last phrase in RCW 59.18.055, "until such time as jurisdiction over the defendant or defendants is obtained," was triggered by Sawyer's response, thereby submitting Sawyer personally to the court's jurisdiction. In this regard, Negash maintains that, even though Sawyer was never personally served, his limited response operated as a request for affirmative relief because, at the show cause hearing, he was "entitled to present his defenses and even obtain judgment against the landlord for his costs and attorney's fees." Reply Br. of Appellant at 5-6.

¶10 Construing the statute in favor of the tenant compels a narrow characterization of Sawyer's response. We view the writing to be nothing more than a pro se defendant's notice of appearance designed to prevent entry of a default judgment. In light of that notice of appearance, Negash correctly set a show cause hearing pursuant to RCW 59.18.370.

¶11 However, the mere fact that Sawyer responded in such a fashion that a motion for default was precluded and a show cause hearing was necessitated does not compel a finding that his response constituted a voluntary submis-

sion to the personal jurisdiction of the court. While a party personally submits to the jurisdiction of the court by requesting affirmative relief, *In re Marriage of Parks*, 48 Wn. App. 166, 170, 737 P.2d 1316 (1987), Sawyer's appearance did not constitute such a request. Affirmative relief is defined as " '[r]elief for which defendant might maintain an action independently of plaintiff's claim and on which he might proceed to recovery, although plaintiff abandoned his cause of action or failed to establish it.' " *Grange Ins. Ass'n v. State*, 110 Wn.2d 752, 765-66, 757 P.2d 933 (1988) (alteration in original) (quoting BLACK'S LAW DICTIONARY 56 (5th ed. 1979)). A defendant who files a cross claim, for example, seeks affirmative relief and thereby waives the defense of lack of personal jurisdiction. *Kuhlman Equip. Co. v. Tammermatic, Inc.*, 29 Wn. App. 419, 425, 628 P.2d 851 (1981) (foreign corporation that filed a cross claim for indemnity against Washington corporation invoked the jurisdiction of Washington court). Similarly, a defendant personally submits to a court's jurisdiction by asking the court to enforce previously adjudicated rights. *Livingston v. Livingston*, 43 Wn. App. 669, 672, 719 P.2d 166 (1986) (party who asks court to enforce visitation seeks affirmative relief). Sawyer made no such request.

¶12 In this unique statutory context, Sawyer's limited response did not constitute a personal submission to the court's jurisdiction. We note, however, that "[a] show cause hearing is not the final determination of the rights of the parties in an unlawful detainer action." *Carlstrom v. Hanline*, 98 Wn. App. 780, 788, 990 P.2d 986 (2000). Negash may continue to litigate her claims for damages against Sawyer after personal service is accomplished.

¶13 In sum, where a tenant responds to service pursuant to RCW 59.18.055 by requesting notice of further proceedings, but does not request affirmative relief, the court's

authority is restricted to determining proper possession of the premises.

¶14 Affirmed.

APPELWICK, A.C.J., and ELLINGTON, J., concur.