IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Estate of MARGUERITE SAMMANN: | No. 84454-7-I |
| | |
| ANNA J. ARMSTRONG, as Personal Representative of the Estate of Robert M. White, and BARBARA J. COSTER, Administrator of the Estate of Marguerite Sammann, | DIVISION ONE <br><br> UNPUBLISHED OPINION |
| Respondents, | |
| v. | |
| NADENE M. SAMMANN as Personal Representative of the Estate of Marguerite Sammann, | |
| Appellant. | |

PER CURIAM — Nadene Sammann challenges several orders entered by the trial court in proceedings for judicial foreclosure and sheriff's sale of her property after she failed to pay a judgment secured by a promissory note and deed of trust on her property. None of her assignments of error have any basis in law or fact. We affirm and impose attorney fees and costs against her as a sanction for filing this frivolous appeal.

BACKGROUND

Nadene Sammann brings this appeal in the ongoing litigation between herself and the estate of her uncle, Robert White, which we have previously addressed in In re

the Estate of Marguerite Sammann, No. 81072-3-I (Wash. Ct. App. April 26, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/810723.pdf (Sammann I) and In re the Estate of Marguerite Sammann, No. 83355-3-I (Wash. Ct. App. March 20, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/833553.pdf (Sammann II). As a result of the long history of frivolous litigation, multiple courts have entered monetary judgments against Nadene and her mother, Marguerite Sammann. Sammann I, No. 81072-3-I, slip op. at 1-2. At the time of Marguerite's death in 2017, the judgments against the two women amounted to $150,935.57. Nadene was the sole beneficiary of Marguerite's estate, the primary asset of which was the residential property where Nadene and Marguerite lived, and where Nadene continued to live after her mother's death. Sammann II, No. 83355-3, slip op. at 1-2.[1] Anna Armstrong, personal representative of the White Estate, filed suit on a creditor claim in King County Superior Court and, in February 2018, obtained a judgment of $160,839.79 and post judgment interest. Sammann II, No. 83355-3, slip op. at 2.

In September 2019, the parties agreed to a settlement agreement in order to satisfy the judgment in favor of the White Estate. Sammann II, No. 83355-3, slip op. at 3. The trial court entered the agreement in which Nadene agreed to execute a promissory note and deed of trust in favor of the White Estate for the amount owed on the judgment. Sammann II, No. 83355-3, slip op. at 3. Nadene subsequently refused to sign the promissory note and deed of trust, instead moving to vacate the agreed order.

---

[1] Nadene was initially named personal representative of her mother's estate and granted nonintervention authority. Sammann I, No. 81072-3-I, slip op. at 2. Armstrong petitioned the superior court to remove Nadene as personal representative and the court agreed after finding that Nadene had misrepresented the solvency status of Marguerite's estate and failed to disclose the judgments against the estate. Sammann I, No. 81072-3-I, slip op. at 2-3. The court appointed Barbara Coster as successor administrator of Marguerite's estate.

Sammann II, No. 83355-3, slip op. at 3. The trial court denied the motion to vacate and this court affirmed that decision on appeal. Sammann I, No. 81072-3-I, slip op. at 11.

After additional litigation, an appointed commissioner executed the promissory note and deed of trust in November 2021. Sammann II, No. 83355-3, slip op. at 4. Shortly thereafter, Nadene filed a "Successor Trustee's Quit Claim Deed," transferring ownership of the property located at "17058 37th Avenue Northeast, Lake Forest Park, WA 98155 (Also known as Seattle, Washington) King County" from the Marguerite Sammann Trust to herself. Nadene also filed a "Declaration of Homestead," listing the property address as "17058 37th Avenue Northeast in the City of Lake Forest Park, also known as Seattle, Washington, situation in the County of King, State of Washington."

In January 2022, the trial court approved the deed of trust as executed by the appointed commissioner. Sammann II, No. 83355-3, slip op. at 4. Nadene appealed that order as well as all others entered by the trial court between October 12, 2021, and January 3, 2022. Sammann II, No. 83355-3, slip op. at 5. Characterizing her arguments and assignments of error as "scattered, difficult to discern, and largely unsupported by argument, citations to legal authority, and citations to the record," we considered and rejected Nadene's claims on appeal. Sammann II, No. 83355-3, slip op. at 1, 5. We affirmed the trial court's decisions and determined that "[n]one of Nadene's assignments of error have any cognizable basis in law or fact. Her appeal is totally devoid of merit." Sammann II, No. 83355-3, slip op. at 19. Concluding that her appeal was frivolous, we awarded fees to the White Estate under RAP 18.9(a). Sammann II, No. 83355-3, slip op. at 19.

In February 2022, the White Estate filed a complaint for judicial foreclosure on

the deed of trust. The White Estate made seven unsuccessful attempts to serve the summons and complaint on Nadene at 17058 37th Avenue Northeast, Seattle. The White Estate filed a motion to allow service by mail, due to concerns that Nadene was hiding from service and attempting to delay or circumvent the foreclosure action. Initially, a court commissioner denied the order for service by mail. After the White Estate made an eighth unsuccessful attempt to serve Nadene at her address, it filed a second motion to serve by mail which was granted.

After the court denied the first motion for service by mail but before the eighth attempt to serve her, Nadene filed an answer to the complaint and counterclaims. She alleged multiple affirmative defenses including insufficient service and lack of jurisdiction. She also raised six counterclaims--fraud, breach of fiduciary duty, violation of the Consumer Protection Act, violation of the distressed homeowners act, wage theft, violation of the truth in lending act, and violation of federal food stamp and benefit laws.

After Nadene filed her counterclaims, the White Estate noted her deposition and notified her by email as well as regular and certified mail to the Seattle address. Nadene failed to appear for her deposition. She also failed to appear for a discovery conference. As a result of her failure to appear for the properly noted deposition, the White Estate filed a motion for sanctions, which was again served by email and mail. The White Estate requested an order striking the affirmative defenses, dismissing the counterclaims, and entering a judgment by default against Nadene. The trial court determined that Nadene's failure to appear for the deposition was without reasonable excuse and was intentional misconduct, considered possible lesser sanctions, and found Nadene in default. The court ordered her counterclaims dismissed, affirmative

defenses stricken, and informed the White Estate to proceed to judgment by motion with notice to Nadene.

In July 2022, the White Estate moved for entry of default judgment. The court entered the default judgment and ordered foreclosure on the deed of trust and sale of the property by the King County Sheriff.

In September 2022, Nadene filed a motion for emergency stay of the sheriff's sale. Although the motion was not properly noted, filed, or served, the trial court considered it and granted a stay of enforcement of the default judgment and sheriff's sale. The trial court noted that the White Estate had moved for default judgment without notice to Nadene in violation of the court's order to proceed to judgment with notice.

The White Estate subsequently moved to vacate the default judgment and enter a new judgment with proper notice to Nadene. The trial court granted the motion, entered the judgment, and ordered foreclosure and sale of the property by the sheriff. The White Estate requested and received an order of sale, and the sale date was set for January 27, 2023. Nadene petitioned for a second motion for emergency stay of the sheriff's sale which the court denied.

The sheriff's sale occurred on February 3, 2023, with the property selling for $307,000.00. At that time, the balance due on the judgment was $272,722.68. The trial court entered a confirmation of the sheriff's sale and an award of attorney fees to the White Estate in July 2023. The White Estate requested dispersal of the funds. Nadene opposed the dispersal and asked the court to require an accounting of the White Estate's funds and the IOLTA account of the Estate's attorney. The trial court dispersed the funds to the White Estate. The court also granted Nadene's request for dispersal of

the overage from the sheriff's sale but declined to order the requested accountings. Dispersal of the funds occurred in September 2023.

Nadene appeals.[2]

DISCUSSION

As in the prior appeal, Nadene assigns error to multiple orders entered by the trial court. However, she fails to identify the issues pertaining to most of the decisions of the trial court which violates RAP 10.3(a)(4).[3] We address only those issues clearly raised and argued in her briefing—lack of jurisdiction due to insufficient service of process, deprivation of due process, violation of her rights under the homestead act, and the court's failure to order an accounting of funds related to the White Estate.

## I. Insufficient Service and Lack of Jurisdiction

Nadene argues that the trial court lacked jurisdiction to enter the default judgment because the White Estate failed to properly serve her with the summons and complaint. According to Nadene, service of the summons and complaint was insufficient because the White Estate served the papers to 17058 37th Avenue Northeast, Seattle, Washington instead of 17058 37th Avenue Northeast, Lake Forest Park, Washington. She also claims that the subsequent service by mail was defective and insufficient. We conclude that Nadene has waived any jurisdictional

---

[2] Armstrong filed a motion to set the appeal for decision. A commissioner of this court entered a notation ruling granting the motion. Sammann moved to modify the commissioner's decision. Because we issue our opinion on the merits, we deny the motion to modify.

[3] RAP 10.3(a)(4) requires the appellant to provide "[a] separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error."

defense.[4]

"Proper service of the summons and complaint is a prerequisite to a court's obtaining jurisdiction over a party." Harvey v. Obermeit, 163 Wn. App. 311, 318, 261 P.3d 671 (2011). Whether service of process was proper is a question of law that we review de novo. Chengdu Gaishi Elecs., Ltd. v. G.A.E.M.S., Inc., 11 Wn. App. 2d 617, 622–23, 454 P.3d 891 (2019).

"Generally, lack of personal jurisdiction must be pleaded in the answer or in a pretrial motion to dismiss or it is waived." Sutton v. Hirvonen, 113 Wn.2d 1, 5, 775 P.2d 448 (1989); CR 12(h)(1). Additionally, a party may waive a claim of lack of personal jurisdiction by requesting affirmative relief from the court. Chengdu, 11 Wn. App. 2d at 623. "'[A] party, when he counterclaims, cross-claims, or impleads a third party, is seeking affirmative relief and is thereby invoking the jurisdiction of the court. He cannot at the same time deny that jurisdiction.'" Kuhlman Equip. Co. v. Tammermatic, Inc., 29 Wn. App. 419, 424, 628 P.2d 851 (1981) (quoting Globig v. Greene & Gust Co., 193 F. Supp. 544, 549 (E.D. Wis. 1961)).

Here, Nadene asserted lack of personal jurisdiction due to insufficient service of process as a defense in her answer as required by CR 12(h)(1). However, she also raised several permissive counterclaims[5] including breach of fiduciary duty,

---

[4] While we decide this issue based on Nadene's waiver of her jurisdictional defense, we would arrive at the same conclusion—that service of process was sufficient and jurisdiction acquired—had we considered any of the multiple grounds raised by the White Estate.

[5] "Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." CR 13(b). Here, Nadene's claims such as wage theft and violation of federal food stamp and benefit laws clearly do not arise from a claim for judicial foreclosure and are permissive counterclaims.

wage theft, and "violation of federal food stamp and benefit laws." This assertion of noncompulsory claims for affirmative relief invoked the court's jurisdiction and, therefore, waived any jurisdictional defense. See Kuhlman, 29 Wn. App. at 422-25. Nadene cannot now argue that deficient service of process resulting in the court's lack of jurisdiction over her.

## II. Due Process

Nadene alleges that the trial court denied her access to the court, thereby depriving her of due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution and article I, section 3 of the Washington Constitution. She contends that she was denied all meaningful opportunities to be heard because the court did not consider her paper pleadings and denied her motions for oral argument. We disagree with both claims.

### A. Paper Pleadings

The trial court presiding over the judicial foreclosure proceedings requested submission of electronic copies of all working documents. Nadene submitted her documents as paper pleadings rather than electronic documents. In July 2023, Nadene filed a motion to allow filing of paper pleadings and working documents which the trial court granted. Nadene appears to argue that the trial court granting permission to file paper pleadings necessarily establishes that the court had not

considered any of the paper pleadings she had previously filed. However, she fails to identify any timely paper submission that the court declined to consider.[6]

Moreover, the record contradicts Nadene's claim as there are several examples where her paper pleadings were expressly considered by the court. Nadene filed a paper motion for emergency stay of the sheriff's sale in September 2022. The trial court granted the motion, noting that it considered Nadene's motion and declaration, and "[a]lthough the Motion was not properly noted, filed, and served, and violates the Civil Rules and Local Rules in several respects, in the interests of justice and considering the exigent circumstances the Court exercises its discretion to consider the Motion." The trial court also edited and signed several orders that Nadene submitted on paper before her motion to permit paper pleading.

Nadene's assertion that the trial court failed to consider her paper submissions lacks any support in the record and her due process claim fails on this ground.

### B. Oral Arguments

Nadene also claims that the trial court's denial of five separate motions for oral argument deprived her of due process. However, oral argument on a motion is not a due process right. Rivers v. Wash. State Conference of Mason Contractors, 145 Wn.2d 674, 697, 41 P.3d 1175 (2002). Due process only requires that a party receive proper notice of the proceedings and an opportunity to be heard. Rivers,

---

[6] The trial court struck two filings— Nadene's objection to the White Estate's motion to vacate the default judgment order and enter a new default judgment and her response to the motion to confirm the sheriff's sale—as untimely. The court's failure to consider these filings was not related to the fact that Nadene submitted them on paper rather than electronically.

145 Wn.2d at 697. Nadene received notice and, as discussed above, the court considered her timely filings. Therefore, her due process rights were not violated.

## III. Homestead Act

Nadene argues that the White Estate, purchaser of the property, and Sheriff violated the Homestead Act by depriving her of her primary home. We disagree.

"The homestead act 'implements the policy that each citizen have a home where [the] family may be sheltered and live beyond the reach of financial misfortune.'" In re Dependency of Schermer, 161 Wn.2d 927, 953, 169 P.3d 452 (2007) (quoting Pinebrook Homeowners Ass'n v. Owen, 48 Wn. App. 424, 427, 739 P.2d 110 (1987). Under the act, "the homestead is exempt from attachment and from execution or force." In re Upton, 102 Wn. App. 220, 223, 6 P.3d 1231 (2000). However, the homestead exemption is not available against an execution or forced sale in satisfaction of judgments obtained on debts secured by mortgages or deeds of trust. RCW 6.13.080(2)(b); Upton, 102 Wn. App. at 224.

Here, the sale of the property occurred in order to satisfy a judgment that was secured by a deed of trust on the property. As such, the homestead exemption does not apply. See RCW 6.13.080(2)(b). Nadene's challenge to the sale as a violation of the homestead act fails.

## IV. Accounting

Nadene claims that the trial court erred by denying her request for an accounting of the White Estate and an "According of the IOLTA Account" of the attorney for the Estate. We disagree.

According to Nadene, as the sole heir of Marguerite's estate, she has standing as an interested party to request an accounting pursuant to RCW 11.68.065.[7] RCW 11.68.065 is a probate statute that allows a beneficiary with an interest in an estate to petition the court for an order directing the personal representative to deliver a report of the affairs of the estate. In re Estate of Gillespie, 12 Wn. App. 2d 154, 168-69, 456 P.3d 1210 (2020). Therefore, a request for an accounting is properly brought in the probate court overseeing the administration of the estate. Here, the White Estate was admitted to probate in Pierce County Superior Court. Nadene fails to provide any argument or legal support for her claim that King County Superior Court has authority to order the White Estate to provide an accounting of estate funds as a remedy in this action for judicial foreclosure on a deed of trust. The trial court did not err in denying the request for accountings of the White Estate and attorney's IOLTA.

V. Attorney Fees on Appeal

RAP 18.1 permits attorney fees to be awarded on appeal if applicable law grants the party the right to recover reasonable attorney fees. "In Washington, attorney fees may be awarded only when authorized by a private agreement, a statute, or a recognized ground of equity." Labriola v. Pollard Group, Inc., 152

---

[7] We do not consider and make no determination as to whether Nadene is a beneficiary of the White Estate.

Wn.2d 828, 839, 100 P.3d 791 (2004). The White Estate requests fees on appeal pursuant to the promissory note and RAP 18.9.[8]

The promissory note includes a provision for attorney fees: "If suit is brought to collect this Note . . . the Note holder shall be entitled to collect in addition to costs and fees provided by statute, all reasonable costs and expenses, including, but not limited to, reasonable attorney's fees." The White Estate, as the holder of the note and the prevailing party, is entitled to reasonable costs and attorney fees on appeal under the terms of the note, conditioned on compliance with RAP 18.1.

Affirmed.

FOR THE COURT:

_____

Birk, J.
_____

Mann, J.
_____

---

[8] Nadene also requested attorney fees on appeal. However, she is not the prevailing party, and no grounds exist for an award of attorney fees to her.