IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LYDELL MICHAELS d/b/a DE LA TREND,<br><br>　　　　　　Appellant,<br><br>　　　　v.<br><br>BRIXTON EVERETT, LLC,<br><br>　　　　　　Respondent . | No. 88085-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — Lydell Michaels entered into a lease with Brixton Everett Mall, LLC. In July 2022, Brixton sent Michaels a notice to terminate tenancy and Brixton obtained a judgment against Michaels. In August 2022, Michaels initiated a complaint against Brixton, alleging breach of contract, signature forgery, and illegal eviction among other things. In April 2024, Brixton moved for summary judgment to dismiss, which the court granted. In March 2025, Michaels moved the court to vacate the summary judgment order. The court denied Michaels's motion to vacate. Michaels appeals. Finding no error, we affirm.

FACTS

In August 2020, Lydell Michaels, d/b/a De La Trend, a/k/a A-1 Barber & Styling, a/k/a Lurtico Consulting Group, a.k.a. On Point Logistics & Transportation, a/k/a Tin & Lash, entered into a lease agreement with Brixton Everett Mall, LLC for 1402 SE Everett Mall Way, Suite 305, Everett, Washington. The lease was scheduled to end on December 31, 2022. In July 2022, Brixton

sent Michaels a notice to terminate tenancy and notified Michaels to surrender the premises no later than July 31, 2022. Subsequently, Brixton initiated an action for unlawful detainer and obtained a judgment against Michaels. In August 2022, Michaels initiated a complaint, alleging breach of contract, signature forgery, and illegal eviction among other things. In April 2024, Brixton moved for summary judgment, which the court granted. In March 2025, Michaels moved the court to vacate the summary judgment order. In part, Michaels asserted that the court lacked jurisdiction because Michaels was improperly served. The court denied Michaels's motion to vacate and granted sanctions in favor of Brixton. Michaels appeals and requests sanctions.[1, 2, 3]

---

[1] On appeal, Michaels contends, among other things, that material facts precluded summary judgment. However, Michaels appeals the court's denial of the motion to vacate judgment, not the summary judgment order. This court reviews the decision designated in the notice of appeal. RAP 2.4(a). Therefore, we decline to review the issues relating to the summary judgment order and the merits of Michaels's underlying suit. To the extent this opinion does not address a request for relief made by either party, the request is denied.

[2] Michaels also asserts in his appeal that evidence of judicial bias exists. However, he does not cite the record or provide evidence of judicial bias beyond "a pattern of adverse rulings in favor of Brixton." We presume that a trial judge properly discharges their "official duties without bias or prejudice." *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 692, 101 P.3d 1 (2004). The party claiming judicial bias must provide specific facts to overcome this presumption. *Davis*, 152 Wn.2d at 693. "Judicial rulings alone almost never constitute a valid showing of bias." *Davis*, 152 Wn.2d at 693. Because Michaels does not provide evidence of judicial bias, we find none existed.

[3] Michaels filed several additional statements of authority, declarations, and other filings for this court to consider. Under RAP 10.8, "the additional authorities must relate to a point made in the briefing." We decline to review any new arguments or requests made in Michaels's additional filings that were not raised in his initial appeal. We have reviewed all relevant authorities cited by Michaels related to the issue on appeal.

ANALYSIS

A court's denial of a motion to vacate is reviewed under an abuse of discretion standard. *Haley v. Highland,* 142 Wn.2d 135, 156, 12 P.3d 119 (2000). A court abuses its discretion if its decision is based on untenable grounds or untenable reasons, or if the decision is manifestly unreasonable. *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006). Under CR 60(b)(5), a party can obtain relief from a final judgment if the judgment is void. "A judgment is void if the issuing court lacks personal jurisdiction or subject matter jurisdiction over the claim." *Gates v. Homesite Ins. Co.*, 28 Wn. App. 2d 271, 279, 537 P.3d 1081 (2023). We have a "nondiscretionary duty to vacate a void judgment." *Gates*, 28 Wn. App. 2d at 279.

<u>Personal Jurisdiction</u>

Michaels asserts that the court did not have personal jurisdiction over him because he moved to Nevada during the proceedings. Brixton contends that Michaels initiated the lawsuit in Washington, therefore he affirmatively submitted to the jurisdiction of its courts.

A court's "assertion of personal jurisdiction is a question of law that we review de novo," where "the jurisdictionally relevant facts are undisputed*." Failla v. FixtureOne Corp.*, 181 Wn.2d 642, 649, 336 P.3d 1112 (2014).

A party waives any claim of lack of personal jurisdiction if, before the court rules, they ask the court to grant affirmative relief, or otherwise impliedly consents to the court exercising jurisdiction. *State ex rel. Coughlin v. Jenkins*, 102 Wn. App. 60, 63, 7 P.3d 818 (2000). Under CR 12, a party waives the

defense of lack of jurisdiction if the defense "is neither made by motion under this rule nor included in a responsive pleading or an amendment." When a party seeks permissive affirmative relief, the party waives the defense of lack of personal jurisdiction. *Kuhlman Equip. Co. v. Tammermatic, Inc.*, 29 Wn. App. 419, 425, 628 P.2d 851 (1981). Affirmative relief is defined as " '[r]elief for which defendant might maintain an action independently of plaintiff's claim and on which [they] might proceed to recovery, although plaintiff abandoned his cause of action or failed to establish it.' " *Negash v. Sawyer*, 131 Wn. App. 822, 827, 129 P.3d 824 (2006) (alteration in original) (quoting *Grange Ins. Ass'n v. State*, 110 Wn.2d 752, 765-66, 757 P.2d 933 (1988)). Michaels initiated the suit in Washington; therefore he submitted to the state's jurisdiction. Michaels's move to Nevada did not eliminate jurisdiction.

Notice of Motion for Summary Judgment

Michaels contends that Brixton did not give him adequate notice that it moved for summary judgment when Brixton did not serve Michaels at his new, out-of-state, address. Brixton asserts that it mailed and e-mailed the motion and supporting documents to Michaels.

Under CR 56, a party must serve a motion for summary judgment and supporting documents on the opposing party no later than 28 days before the hearing. Service shall be made by delivering or mailing a copy to the party's last known address. CR 5(b)(1). Service may be made by other means, including electronic, if the person served consented in writing or as authorized under local court rules. CR 5(b)(7).

Michaels claims he was not given notice because Brixton mailed the motion for summary judgment notice to Michaels's former address and the parties did not agree on service via email. Michaels also concedes that he failed to update his address with the court. Our court rules require service to the *last known address*. Michaels does not provide evidence that he notified the court or Brixton of his address change. The last known address Michaels provided to the court was his Washington address. Service by mail to Michaels's Washington address was proper.

<u>Due Process Rights</u>

Michaels asserts that his due process rights were violated when the court excluded Michaels from the Zoom hearing on his motion to vacate.

The United States' and Washington's Constitutions provide that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1; WASH. CONST. art. I, § 3. "Procedural due process in Washington requires a meaningful opportunity to be heard." *Carlstrom v. Hanline*, 98 Wn. App. 780, 789-90, 990 P.2d 986 (2000). Procedurally, when " 'a state seeks to deprive a person of a protected interest, the person must receive notice of the deprivation and an opportunity to be heard to guard against erroneous deprivation.' " *Rental Hous. Ass'n v. City of Seattle*, 22 Wn. App. 2d 426, 451, 512 P.3d 545 (2022) (internal quotation marks omitted) (quoting *Yim v. City of Seattle*, 194 Wn.2d 682, 687, 451 P.3d 694 (2019)). There are two elements of a procedural due process claim: "(1) the deprivation of a

constitutionally protected liberty or property interest and (2) a denial of adequate procedural protections." *Rental Hous. Ass'n*, 22 Wn. App. 2d at 451.

A motion to vacate judgment is not a constitutional protected liberty or property interest. In Michaels's case, the Note for Motion form for the Judge's Civil Motion Calendar indicated that most motions are heard without oral argument. Further, Michaels's Notice of Motion indicated that the motion would be heard "without oral argument." The court's minute entry indicated that Michaels's motion to vacate was heard without oral argument and that neither party was present. The court did not err.

Michaels also contends that at the scheduled time for his motion to vacate judgment hearing, the court took a break, and the Zoom host logged Michaels out. Michaels claims he attempted to rejoin the Zoom hearing for over an hour but was continuously denied reentry by the court's host. However, Michaels presents no evidence that he was improperly excluded from the hearing. On appeal, the appellant has "the burden of perfecting the record so that the reviewing court has before it all of the relevant evidence, arguments, and rulings." *View Ridge Estates Homeowners Ass'n v. Guetter*, 30 Wn. App. 2d 612, 637, 546 P.3d 463, *review denied*, 3 Wn.3d 1016 (2024). Because Michaels did not provide evidence that he was improperly excluded, we are unable to determine the merits of his argument.

<u>Sanctions</u>

Michaels requests sanctions against Brixton because, among other things, its improper service led to a void judgment and it continued to rely on a void

judgment. We find no merit in Michaels's assertion that Brixton acted in bad faith when it relied on the summary judgment order. We decline to impose sanctions against Brixton.

Brixton also requests sanctions, claiming that Michaels brought a frivolous appeal. Under RAP 18.9, this court may order a party to pay sanctions if they file a frivolous appeal. An appeal is deemed frivolous if looking at the entire record, "there are no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that there is no reasonable possibility of reversal." *In re Marriage of Schnurman*, 178 Wn. App. 634, 644, 316 P.3d 514 (2013).

Michaels raised debatable issues concerning jurisdiction, service, and his due process rights. However, after Michaels's initial filing, he filed over 15 additional documents, including statements of additional authority that contained new arguments. These additional filings were meritless, which resulted in Brixton filing responses. Therefore, we impose sanctions in the form of attorney fees and costs in favor of Brixton.

We affirm.

WE CONCUR:

7