[No. 19308-0-III. Division Three. February 1, 2001.]

MH2 COMPANY, *Appellant*, v. SUN M. HWANG, ET AL., *Respondents*.

*Robert E. Lawrence-Berrey, Jr.* (of *Finney, Falk & Lawrence-Berrey*), for appellant.

*Robert J. Reynolds*, for respondents.

BROWN, J. — In this unlawful detainer action, MH2 Company appeals the trial court's conclusion that Sun M. Hwang and Kyongmi K. Hwang were not guilty of unlawful detainer. Further, MH2 contends the trial court was statu-

torily required to award it double rent damages. We affirm, because certain older rental defaults were not subject to unlawful detainer and certain newer rental defaults were properly cured.

## FACTS

MH2 entered into a commercial lease for a convenience store/gas station with Gregory and Karen Patterson. Paragraph 22 of the lease provided general language for "NONWAIVER OF BREACH" without specific provision for nonwaiver of forfeiture after acceptance of subsequent rent. The Pattersons assigned their interest to the Hwangs in January 1995. Rent was set at $6,250 payable on the first day of each month in advance. The Hwangs did not pay rent for December 1996 and January 1999 without action by MH2. The Hwangs acknowledge their December 1996 rent check was returned for insufficient funds, but contended MH2 agreed to apply the Hwangs' $5,000 security deposit toward the rent and that they paid another $1,000 several months later to apply toward the balance owing. Regarding the January 1999 rent, the Hwangs asserted MH2 waived payment because they were forced to pay for certain gas tank repairs causing loss.

The Hwangs did not pay rent on February 1 and March 1, 2000. On March 8, 2000, MH2 posted an Amended Notice to Pay Rent or Quit Premises on the property citing the four months and the failure to pay certain taxes called for under the lease. One week later, the Hwangs tendered $12,500 in rent by depositing it to a MH2 account, but MH2 rejected and returned it as insufficient. On March 21, the Hwangs were served a summons and complaint for unlawful detainer. MH2 requested $36,917.10 in unpaid rent and taxes. It also requested double rent damages.

The findings were silent as to why the December 1996 and January 1999 payments were not timely paid or why MH2 did not act. Finding of Fact 5 states:

More than eleven days have elapsed since the date of service of said notice, the defendants above named have not paid the rent due nor surrendered possession of the premises and are now unlawfully detaining the same.

Finding of Fact 9 states:

Because of the defendants' tender of rent in the amount of $12,500 on March 15, 2000, and the timely payment of all sums as required into the registry of the court, defendants were not holding the premises in unlawful detainer, and it would be inappropriate and inequitable to double the monetary damages found still due by the court.

The trial court concluded the Hwangs had not unlawfully detained the premises but that MH2 had not waived its right of entitlement to past due rent. The court further concluded it had "discretion whether to double the past due rent found owing" and elected not to double it.

The record shows that after the show cause hearing, on order, the Hwangs paid into the court's registry $22,500, representing two months rent and $10,000 toward the taxes. By the time judgment was entered, the Hwangs had paid a total of $40,500 into the court's registry. The judgment included MH2's $31,250 "for the past due unpaid rent" and $6,382.28 for unpaid taxes, together with $4,485 in attorney fees and $294 in costs for a total of $42,411.28. After deducting ordered direct payment of the difference with accrued interest, the net judgment to MH2 was $300. MH2 appealed.

## ISSUE

Did the trial court err by concluding the Hwangs had not under chapter 59.12 RCW unlawfully detained MH2's commercial premises and by denying double damages for rents found due?

## ANALYSIS

■■ A trial court's conclusions of law are reviewed de novo. *City of Seattle v. Megrey*, 93 Wn. App. 391, 393, 968

P.2d 900 (1998). In Conclusion of Law 2, the trial court concluded, "[d]efendants are not unlawfully detaining as provided in RCW 59.12, the real property owned by plaintiff." An unlawful detainer action under chapter 59.12 RCW is a summary proceeding designed primarily to facilitate recovery of possession of real property and incidentally related issues such as rent. *Munden v. Hazelrigg*, 105 Wn.2d 39, 45, 711 P.2d 295 (1985). Relief under the unlawful detainer statute requires: (1) the tenant's breach; (2) notice to the tenant of the existence of a breach together with an opportunity to correct; and (3) failure by the tenant to correct the breach. RCW 59.12.030(4); *Wilson v. Daniels*, 31 Wn.2d 633, 643, 198 P.2d 496 (1948).

█ █ The parties' dispute is largely due to the failure to clearly distinguish between two problems, first the older unpaid rent, and second the newer rental defaults. Generally, if a tenant fails to pay rent and the landlord accepts later rental payments, the breach is not wiped out; the landlord has merely waived a right under the statute to declare forfeiture for the nonpayment. *Wilson*, 31 Wn.2d at 643. Such a waiver does not waive a continuing breach or any future noncontinuing breaches. *Id.* Therefore, a landlord may later declare forfeiture for an older, continuing breach or any new breach. *Id.*

This is logical because possession is no longer an issue after acceptance of advance rent for the forthcoming month. Accordingly, the statutory remedy of forfeiture under chapter 59.12 RCW is no longer available to the landlord, and the statute's doubling provisions do not apply to the older noncontinuing breach. The sole remaining remedy is under the lease's default provisions. Here, it is worth noting that the nonwaiver provisions in paragraph 22 do not contain specific language regarding retention of the right of forfeiture after acceptance of subsequent rents. *See Wilson*, 31 Wn.2d at 642. Since the statute is in derogation of common law, it must be construed in favor of the tenant. *Id.* at 643-44. Thus, we believe Finding of Fact 5 pertains solely to defaults under the lease rather than statutory unlawful

detainer, and for the reasons discussed below that wording is incorrect but inconsequential. In any event, MH2 cannot claim statutory doubling for the older rent defaults because it could not invoke statutory forfeiture.

■ Regarding the February through March 2000 rental defaults, the Hwangs were served with a 10-day notice to pay rent or quit the premises. They tendered the two newer months rent prior to the 10 days, but this amount was improperly rejected as insufficient. MH2 then filed this unlawful detainer action at the end of the 10-day period incorrectly seeking *both* the older and newer rents. In an unlawful detainer action, the trial court is limited to either (1) entering a judgment in favor of the defendant by dismissing the action with prejudice, or (2) rendering a judgment in favor of the plaintiff. *Sundholm v. Patch*, 62 Wn.2d 244, 246, 382 P.2d 262 (1963). As noted, the incidental issue of whether rents are due is customarily decided at the same time. *Munden*, 105 Wn.2d at 45.

Given the above, we conclude the trial court properly decided that rents were due under the lease for the older rental defaults and that no statutory unlawful detainer occurred for the newer rental defaults. The latter conclusion was correct because the Hwangs properly tendered two months rent in response to the notice and subsequently paid the rents into the court's registry, plus more than enough to cover the taxes. It follows that, under *Sundholm*, the unlawful detainer should have been dismissed and the tendered sums held in the court's registry paid to MH2. And, under *Munden*, because possession was no longer an issue, the court properly ordered judgment as well for the older rents due under the lease together with attorney fees and costs as prevailing party. No rent doubling provision is in the lease. Thus, doubling was not an available remedy, either under the statute or the lease.

■ On appeal, the trial court's findings of fact must support its conclusions of law; the findings must be supported by substantial evidence. *Landmark Dev., Inc. v. City of Roy*, 138 Wn.2d 561, 573, 980 P.2d 1234 (1999). Here, the

findings are not clear when discussing the old defaults compared to the new ones, resulting in some confusion. Compounding this problem, respondents prepared the findings and conclusions, and appellant prepared the judgment. Nevertheless, the court's findings are supported by substantial evidence; as discussed above, the conclusions properly follow.

In Finding of Fact 9 relating to the newer rental defaults, the trial court found "it would be inappropriate and inequitable to double the monetary damages found still due by the court." Equitable principles are irrelevant. Similarly, it is unnecessary to discuss whether or not the court had discretion to award double damages.

Both parties request attorney fees. The Hwangs' request for fees under the lease is granted. Because MH2 did not prevail here, it is not entitled to attorney fees.

## CONCLUSION

We hold the trial court did not err in any of the ways alleged by MH2 and affirm.

KURTZ, C.J., and SCHULTHEIS, J., concur.

Reconsideration denied March 9, 2001.

Review denied at 144 Wn.2d 1011 (2001).