FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 MAY -6 PM 12: 44



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JOHN SPOELSTRA and SHARLA ANN SPOELSTRA, husband and wife and the marital community composed thereof, | ) ) ) ) | NO. 67141-3-I |
| | ) | DIVISION ONE |
| Respondents, | ) ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAN GAHN and JANE DOE GAHN, husband and wife and the marital community composed thereof, | ) ) ) | UNPUBLISHED OPINION |
| | ) ) | FILED: May 6, 2013 |
| Appellants. | ) ) | |

LAU, J. — Daniel Gahn appeals the trial court's verdict and order on John and Sharla Spoelstra's claim that he engaged in the unauthorized practice of law. Because Gahn fails to establish reversible error, we affirm.

## FACTS

In 2004, the Spoelstras filed suit against Gahn in Snohomish County Superior Court. In an amended complaint filed in May 2008, the Spoelstras alleged that Gahn, who is not an attorney, prepared a quit claim deed for a portion of their property worth $700,000 to secure payment of legal fees to an attorney, Royce Ferguson. When the

Spoelstras discovered that Ferguson had not required the quit claim deed and asked Gahn to return it, Gahn refused, claiming that he had performed legal services for them in the amount of $40,000. The Spoelstras claimed that Gahn obtained the quit claim deed without the necessary disclosures, thereby engaging in the unauthorized practice of law. The Spoelstras sought an order quieting title to the property as well as damages.

After a four-day trial in which Spoelstra and Gahn appeared pro se, a jury answered "yes" to the following special interrogatory: "Did Mr. Gahn engage in the practice of law in his dealings with Mr. Spoelstra from 2002 until the signing of the Quit Claim Deed, Exhibit 1?" The trial court made the following additional findings:

1. Mr. Gahn advised Mr. Spoelstra that in order for Mr. Gahn to continue working on his legal matters, Mr. Spoelstra would have to secure payment of his fees, in the approximate amount of $40,000.

2. That in order to secure said fees, Mr. Gahn would accept a Quit Claim Deed on a piece of property selected by Mr. Spoelstra and that the property selected should be one involved in the Kaufman litigation.

3. That Mr. Ghan [sic] represented to Mr. Spoelstra that the Quit Claim Deed would serve two purposes: One, it would secure his fees and two, it would allow Mr. Gahn to intervene in the Kaufman litigation as a party in interest and allow him to argue in court. Both Mr. Gahn and Mr. Spoelstra testified to this dual purpose.

4. In fact, Mr. Gahn did intervene and did appear in court as a party in interest in the Kaufman litigation pursuant to the rights conferred on him by the Quit Claim Deed.

5. Mr. Gahn or his wife, drafted the Quit Claim Deed using a form obtained by them at a store, and entered the legal description given to them by Mr. Spoelstra.

6. The fees to be secured for work done on behalf of Mr. Spoelstra from 2002 to 2004 totaled approximately $40,000. However, there has never been a written accounting of the fees incurred that has been produced to Mr. Spoelstra.

7. The value of the property quit claimed, while generally in dispute, clearly exceeded $100,000.

8. Mr. Gahn testified that he would return the property to Mr. Spoelstra upon payment of his fees and that he held the Quit Claim for security purposes.

Based on these findings, the trial court concluded that Gahn "was engaging in the unauthorized practice of law in his dealings with Mr. Spoelstra," ordered Gahn to disgorge his fees, and quieted title to the property in favor of the Spoelstras.

## ANALYSIS

We review the trial court's findings of fact and conclusions of law to determine whether the findings are supported by substantial evidence and, if so, whether the findings support the trial court's conclusions. Sunnyside Valley Irrigation Dist. v. Dickie, 111 Wn. App. 209, 214, 43 P.3d 1277 (2002), aff'd, 149 Wn.2d 873, 73 P.3d 369 (2003). "Substantial evidence is evidence in sufficient quantum to persuade a fair-minded person of the truth of the declared premise." Ridgeview Props. v. Starbuck, 96 Wn.2d 716, 719, 638 P.2d 1231 (1982). This court defers to the trier of fact for purposes of resolving conflicting testimony and evaluating the persuasiveness of the evidence and credibility of the witnesses. Boeing Co. v. Heidy, 147 Wn.2d 78, 87, 51 P.3d 793 (2002). In determining the sufficiency of the evidence, this court need only consider evidence favorable to the prevailing party. Bland v. Mentor, 63 Wn.2d 150, 155, 385 P.2d 727 (1963). There is a presumption in favor of the trial court's findings, and the party claiming error has the burden of showing that a finding of fact is not supported by substantial evidence. Fisher Props., Inc. v. Arden–Mayfair Inc., 115 Wn.2d 364, 369, 798 P.2d 799 (1990). If the standard is satisfied, an appellate court will not substitute its judgment for that of the trial court even though it may have resolved a factual dispute differently. Sunnyside Valley, 149 Wn.2d at 879–80.

Unchallenged findings of facts are verities on appeal. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 808, 828 P.2d 549 (1992). "The appellant

must present argument to the court why specific findings of fact are not supported by the evidence and must cite to the record to support that argument" or they become verities on appeal. Inland Foundry Co. v. Dep't of Labor & Indus., 106 Wn. App. 333, 340, 24 P.3d 424 (2001). Such unsupported arguments need not be considered. Bryant v. Palmer Coking Coal Co., 86 Wn. App. 204, 216, 936 P.2d 1163 (1997). We review questions of law de novo. MH2 Co. v. Hwang, 104 Wn. App. 680, 683, 16 P.3d 1272 (2001).

Gahn challenges findings of fact 1 through 4, 6, and 8, claiming that the trial court mischaracterized his testimony. Gahn claims that he was the only witness who testified about certain matters and then assigns error to the trial court findings that do not directly adopt his theory of the case and explanation of the evidence. He complains that the trial court used words that he did not use in his testimony. Gahn also repeatedly argues that Spoelstra deeded the property to him for "consideration given" and not as security for his fees. Brief of Appellant at 12.

Gahn's challenges to the findings fail. First, Gahn has provided only excerpts of the trial transcript, including his cross-examination of Spoelstra and his own direct testimony. It is the appellant's burden to provide a record sufficient to review the issues raised on appeal. Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988). To the extent the findings reflect the trial court's resolution of factual disputes based on other testimony and evidence not included in Gahn's trial record excerpts, we cannot review them.

Also, Gahn's claims are, in essence, a challenge to the trial court's credibility determinations and resolution of conflicting evidence. For example, despite Gahn's

repeated claim to the contrary, Spoelstra testified on cross-examination that he agreed to sign the quit claim deed in order to use the property for security. As the trier of fact, the trial court was entitled to resolve such disputes based on its assessment of the credibility of the witnesses, and we do not review such determinations.

And Gahn testified that in February 2004, he "informed [Spoelstra] that I would no longer perform any work for him until he paid me for the work that I did" and that his total fees for the work he had performed "at that time was roughly in the neighborhood of about $40,000." Verbatim Report of Proceedings (VRP) (Feb. 4, 2011) at 116. Gahn also testified that he "agreed" to Spoelstra's request to "hold" the deed without recording it, and "not to sell" the property, until Spoelstra wanted to "buy it back . . . for the $40,000." VRP (Feb. 4, 2011) at 118. The trial court was not bound by Gahn's use of particular words or his own interpretation of his actions. Under these circumstances, Gahn fails to demonstrate any error in the trial court's findings of fact.

In several of his assignments of error, Gahn argues that the trial court failed to sufficiently describe the basis of liability, consider his asserted defenses, and properly enforce the quit claim deed as written. Each of these arguments constitutes a claim that the trial court's findings do not support its conclusions of law. We disagree.

A layperson may appear and act in court as his own attorney, and a party to a legal document may draft that document without fear of liability for the unauthorized practice of law. Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n, 91 Wn.2d 48, 56-57, 586 P.2d 870 (1978); see also, State v. Hunt, 75 Wn. App. 795, 805, 880 P.2d 96 (1994). However, these "pro se" exceptions are limited and do not apply to a layperson who receives compensation for such legal services. Wash. State Bar, 91

Wn.2d at 56-57. "The receipt of compensation is conclusive evidence that the layperson is not merely acting for himself but has assumed the additional burden of acting for another." Wash. State Bar, 91 Wn.2d at 57.

Nonattorneys who practice law are liable for negligence for the breach of the duties of an attorney practicing law. Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 586-87, 675 P.2d 193 (1983); see also, Tegman v. Accident & Med. Investigations Inc., 107 Wn. App. 868, 874, 30 P.3d 8 (2001). A lawyer entering a business transaction with a client or acquiring an ownership or security interest adverse to a client has the burden to prove fair and reasonable terms, full disclosure, opportunity to consult outside counsel, and consent. See Valley/50th Ave. LLC v. Stewart, 159 Wn.2d 736, 744-47, 153 P.3d 186 (2007).

Here, the jury found that Gahn engaged in the practice of law in his dealings with Spoelstra from 2002 until the time of the preparation of the quit claim deed. The trial court found that Gahn prepared and accepted the quit claim deed for the Spoelstras' property with a value clearly exceeding $100,000 to secure payment of his undocumented claim of $40,000 in fees for past legal work and to continue working on the Spoelstras' legal matters. Given Gahn's failure to prove at trial that he strictly complied with the duties of an attorney acquiring an ownership or security interest adverse to a client, the trial court properly concluded that Gahn's actions constituted the unauthorized practice of law. See Valley/50th Ave., 159 Wn.2d at 745-46.

Gahn also claims that the trial court committed various procedural errors justifying reversal. In particular, he claims that the trial court (1) failed to give him sufficient notice of its "proposed" order reciting its findings of fact and conclusions of law

in violation of court rules, (2) violated his right to a jury trial, and (3) denied his right to a fair trial by refusing to instruct the jury as he requested. However, Gahn has not provided a record sufficient to review these issues. Gahn has not provided transcripts of any hearings at which the trial court considered argument or made rulings on any procedural matter before, during, or after trial. Because we cannot determine what arguments the trial court considered or what objections, if any, Gahn made, we will not review these claims.

We affirm.

WE CONCUR:

Jau, J.

Cox, J.