# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

SNOWDON ASSOCIATES LLC,      )   NO. 71338-8-I

            Respondent,      )   DIVISION ONE

            v.      )

STEPHANIE DRUXMAN,      )   UNPUBLISHED OPINION

            Appellant.      )   FILED: January 20, 2015

         LAU, J. — Stephanie Druxman appeals from an order granting Snowdon Associates LLC a writ of restitution restoring possession of the premises based on her failure to pay rent into the court registry or file a sworn statement as required under RCW 59.18.375 of the Residential Landlord-Tenant Act. She contends the trial court lacked personal jurisdiction to enter the writ of restitution and Snowdon's delivery of the required statutory notice was defective. Because the court properly issued the writ of restitution and Snowdon complied with the statutory delivery requirements, we affirm the court's order granting the writ of restitution.

## FACTS

         The parties agree the facts are not disputed. Stephanie Druxman signed a rental agreement with Snowdon Associates LLC for apartment 204 located in King County, Washington. Druxman fell behind on her rent payment. On September 2013, Snowdon served her with a written three-day notice to pay rent or vacate the unit.

71338-8-I/2

RCW 59.12.030(3). She did not pay rent or vacate the premises. After five unsuccessful attempts to serve Druxman with an eviction summons and complaint by personal service, Snowdon obtained a superior court order authorizing alternative service of process by posting and mailing under RCW 59.18.055.

This order authorized Snowdon to post and mail the eviction summons, the complaint, and written notice of RCW 59.18.375's payment or sworn statement requirement and an order to show cause. Snowdon posted these documents on the door of unit 204 and mailed two copies to Druxman using prepaid and certified mail pursuant to the court order. Both the notice and the summons indicated that Druxman should respond by October 3, 2013.

The notice stated in part that by October 3, 2013, Druxman must (1) pay rent into the court registry or (2) file a sworn statement that she did not owe the rent claimed due. It warned, "If you fail to do one of the above on or before the deadline date, the sheriff could evict you without a hearing even if you have also received a notice that a hearing has been scheduled." Druxman did neither.

On September 25, 2013, Druxman filed a pro se notice of appearance in response to the summons. Included with her notice of appearance was an October 2, 2013 unsworn letter addressed to Snowdon stating that she was responding to the notice posted on her door and that she still occupied the unit. She expressed her desire to settle the matter without further court proceedings. She did not contest that she owed rent.

> I am writing in response to a Notice of Abandonment posted on my apartment, yesterday, October 1st, 2013. I am still currently residing in unit 204 and have not therefore abandoned the unit. I am surprised to have received this

-2-

Notice because I have not indicated to the manager that I have left and furthermore I responded to the eviction action brought against me by filing and properly serving a Notice of Appearance last week on September 25, 2013.

In addition, I am writing to notify the management that because I am still occupying the unit, the Residential Landlord-Tenant Act entitles me to 48-hour written notice of a specific time in which the landlord would like to show the unit. I will not refuse such entry by the landlord after getting such notice as long as it doesn't cause me unreasonable inconvenience for some reason at that specific time.

Finally, I would like to discuss a resolution to this situation and a potential settlement out of court for an extended move-out and payment plan. I came into financial difficulty and I am working with various agencies to assist me with rent payments. Please contact me to discuss a potential settlement.

On October 7, Snowdon moved for a writ of restitution for Druxman's failure to pay rent into the court registry or file a sworn statement as required under RCW 59.18.375. The motion stated:

> The Eviction Summons & the Payment or Sworn Statement Requirement form require the defendants to respond in writing and to either pay $975 into the registry of the court or to deliver and file a sworn statement setting forth why the rent is not owed.
>
> Defendants have not paid any funds into the registry of the court. Defendants have submitted a written response which is neither a sworn statement or a denial by the defendants that rent is not owed. Copies of the defendants' response is attached hereto. Pursuant to RCW 59.18.375(4) the plaintiff is entitled to "immediate issuance of a writ of restitution without further notice to the defendant."

The court granted the motion and entered an order for writ of restitution the same day.

On October 10, the court denied Druxman's motion to vacate the order of default and quash the writ of restitution. On December 4, the court denied her motion for revision. Druxman appeals.

-3-

ANALYSIS

The unlawful detainer act and the Residential Landlord Tenant Act create a special, summary proceeding for the recovery of possession of real property. Hous. Auth. of Seattle v. Silva, 94 Wn. App. 731, 734, 972 P.2d 952 (1999). In order to take advantage of its favorable provisions, a landlord must comply with the requirements of the statute. Hous. Auth. of City of Everett v. Terry, 114 Wn.2d 558, 563-64, 789 P.2d 745 (1990). Unlawful detainer statutes are in derogation of the common law and are strictly construed in favor of the tenant. Nagesh v. Sawyer, 131 Wn. App. 822, 826, 129 P.3d 824 (2006).

Questions of statutory interpretation are questions of law that we review de novo. Bostain v. Food Express, Inc., 159 Wn.2d 700, 708, 153 P.3d 846 (2007). Likewise, we review de novo questions of law and the application of the law to established facts. Attorney Gen.'s Office v. Wash. Utils. & Transp. Comm'n, 128 Wn. App. 818, 827, 116 P.3d 1064 (2005).

Druxman challenges the superior court commissioner's order granting a writ of restitution in favor of Snowdon.[1] She essentially contends two grounds justify reversal. Druxman argues that because the court lacked personal jurisdiction over her, it was without authority to issue the writ of restitution premised on her failure to comply with the payment or sworn statement requirement of RCW 59.18.375. She also argues in the alternative that Snowdon's delivery of the payment or sworn statement requirement

---

[1] Druxman also challenges the court commissioner's order denying her motion to vacate the writ of restitution order and order denying her revision motion.

71338-8-I/5

notice under RCW 59.18.055 was defective because that statute "only authorizes service of the summons and complaint."[2]

Personal Jurisdiction

Druxman further argues:

> Because the court does not have personal jurisdiction over the defendant, the court does not have jurisdiction to require the defendant to pay money into the court registry as detailed in the [payment or sworn statement requirement notice]. Because the court does not have authority to order compliance with the [payment or sworn statement requirement notice], it would be illogical for the court to default the defendant for the defendant's failure to comply with the [payment or sworn statement requirement notice].

Appellant's Br. at 8.

Snowdon obtained a court order under RCW 59.18.055(1)[3] allowing an alternative means of service on Druxman after numerous unsuccessful attempts at personal service. RCW 59.18.055 authorizes an alternative service method if personal service of the summons and complaint cannot be obtained after the exercise of due diligence. Under this method, copies of the summons and complaint are posted on the premises and sent by regular and certified mail to the tenant. RCW 59.18.055(1)(b). A landlord's remedy is "generally limited to restoration of the premises when this special service statute is utilized." Negash, 131 Wn. App. at 826. No money judgment is authorized until jurisdiction is obtained over the tenant. RCW 59.18.055(1)(b).

---

[2] Druxman does not challenge the constitutionality of either statute.

[3] RCW 59.18.055(1)(b) provides in part:
"When service on the defendant or defendants is accomplished by this alternative procedure, the court's jurisdiction is limited to restoring possession of the premises to the plaintiff and no money judgment may be entered against the defendant or defendants until such time as jurisdiction over the defendant or defendants is obtained."

-5-

Using this court-authorized alternative method, Snowdon posted copies of the summons, complaint, and payment or sworn statement requirement notice on the premises and sent them by regular and certified mail to Druxman.[4, 5]

RCW 59.18.375 provides a landlord with an optional method for restitution of the premises. A landlord electing this restitution method must deliver a payment or sworn statement requirement notice to the tenant if it elects restitution under this statute. RCW 59.18.375(7). RCW 59.18.375(7) specifies both the form of the notice and what information must be contained in the notice. Relevant here, the notice informed Druxman that she must pay the alleged past due rent into the court registry and continue to pay the rent pending litigation or submit a sworn statement denying rent is due based on a legal or equitable defense or set-off. RCW 59.18.375(2).[6] Druxman concedes she did neither.[7]

---

[4] The order states:

"This matter came on for hearing this day on plaintiff's motion, and it appearing that the defendant is actively avoiding service of process; THEREFORE

"IT IS HEREBY ORDERED that the Eviction Summons, Complaint for Unlawful Detainer, Payment or Sworn Statement Requirement, and Order to Show Cause may be served on the defendants by posting copies thereof to the front door of the defendants' residence at 106 Bellevue Avenue East, Apt. 204, Seattle, King County, Washington and by mailing copies of the same to the defendants at the address of the premises by both regular mail and by certified (return receipt requested) mail."

[5] Druxman concedes she received all three of these documents.

[6] RCW 59.18.375(2) states:
"In an action of forcible entry, detainer, or unlawful detainer, commenced under this chapter which is based upon nonpayment of rent as provided in RCW 59.12.030(3), the defendant shall pay into the court registry the amount alleged due in the notice described in this section and continue to pay into the court registry the monthly rent as it becomes due under the terms of the rental agreement while the action is pending.

A tenant's failure to comply with this requirement "shall be grounds for immediate issuance of a writ of restitution without further notice to the defendant . . . ." RCW 59.18.375(4). In this case, the court issued the writ of restitution on grounds that Druxman failed to pay rent into the court registry or to submit a sworn statement.[8]

Nonetheless, Druxman appears to argue that the court lacked personal jurisdiction to issue the writ of restitution because it was without jurisdiction to require or order her to comply with the statutory requirement of payment or sworn statement.[9, 10] Appellant's Br. at 8-9.

---

Such payment is not required if the defendant submits to the court a written statement signed and sworn under penalty of perjury that sets forth the reasons why the rent alleged due in the notice is not owed. In the written statement, the defendant may provide as a reason that the rent alleged due in the notice is not owed based upon a legal or equitable defense or set-off arising out of the tenancy."

[7] "Ms. Druxman did not deposit money into the court registry nor did she file a sworn statement that she did not owe rent." Appellant's Br. at 5.

[8] The court's order for writ of restitution states in part:
"The Defendants have failed to either pay the past due rent into the registry of the court or to serve and file a sworn statement setting forth why the rent is not owed . . . ." The court, therefore ordered:
"1. The Clerk of the Court is to issue a Writ of Restitution forthwith, returnable as provided by law, and containing a 20-day automatic extension and break and enter provision, restoring plaintiff to possession of the premises located at 106 Bellevue Avenue East, Apt. 204, Seattle, King County, Washington.
"2. There is no substantial issue of material fact of the right of plaintiff to be granted the relief as prayed for in the complaint and provided by statute.
"3. Defendants STEPHANIE DRUXMAN and JOHN DOE are guilty of unlawful detainer and defendants' tenancy at the described residential premises is hereby terminated."
The writ directs restoration of the property to Snowdon, but does not include a money judgment against Druxman.

[9] To support this argument she relies on St. John Medical Center v. State ex rel. Department of Social and Health Services, 110 Wn. App. 51, 59, 38 P.3d 383 (2002), for the unremarkable rule that a court generally must have subject matter

Druxman points to nowhere in RCW 59.18.375 mandating the court to require or order her to comply with the payment or sworn statement requirement in order to issue a writ of restitution. Nor does she cite any relevant authority to support this argument. Further, the record shows that the court never required or ordered Druxman to comply with the payment or sworn statement requirement.[11] The record here shows the court properly issued the writ of restitution restoring possession of the premises. The court acted within its limited statutory authority to issue the writ of restitution restoring possession of the premises upon determining the narrow question of whether Druxman complied with RCW 59.18.375(2)'s payment or sworn statement requirement. If a tenant does not comply, the statute directs that a writ of restitution must be issued. RCW 59.18.375(4). Indeed, Druxman acknowledges that the landlord "and the court have jurisdiction with respect to the property allowing the court to issue a writ of restitution that restores possession of the property to the plaintiff/landlord." Appellant's Br. at 8. In sum, this case involves no issue of personal jurisdiction and the court properly issued the writ of restitution.

<u>Delivery of the Payment or Sworn Statement Requirement Notice</u>

Druxman also argues in the alternative that delivery of the payment and sworn statement requirement notice was defective because Snowdon served it together with the summons and complaint contrary to RCW 59.18.055. According to Druxman, that

---

jurisdiction and personal jurisdiction over the parties to hear and decide a case. Appellant's Br. at 8.

[10] We note Druxman's arguments are brief and not entirely clear.

[11] We note that Druxman's briefs on appeal erroneously refer to the court's order granting writ of restitution as a "default" order.

statute authorizes service of only the summons and complaint, but not the notice. She also relies on CR 4 and 5 to argue that the notice must be personally served on her.

We are not persuaded by these contentions. As discussed above, Snowdon obtained a superior court order authorizing service of the summons, complaint, and payment and sworn statement requirement notice by posting and mail. Druxman does not challenge that order. Her reliance on CR 4 governing original service of process and CR 5 governing delivery of all other documents is misplaced. RCW 59.18.375(8) controls delivery of the notice here. That statute authorizes delivery of the notice by mailing and posting it with the summons and complaint. Subsection 8 provides, "The notice . . . may be served pursuant to applicable civil rules either with a filed eviction summons and complaint or any time after an eviction summons and complaint have been filed with the court." (Emphasis added.) There is no dispute that notice was served with the eviction summons and complaint.

We conclude that Snowdon properly delivered the notice of the payment or sworn statement requirement to Druxman according to the civil rules, the court's unchallenged order, and RCW 59.18.375(8).

## CONCLUSION

Because the court properly issued the writ of restitution and Snowdon properly delivered the required payment and sworn statement requirement notice, we affirm the trial court's order granting the writ of restitution.

WE CONCUR:

-9-